STEPHENSON *v.* UNION GUARDIAN TRUST CO.

1. PLEADING—BOOKS—COPY OF WRITTEN INSTRUMENT SUED ON—
COURT RULES.

In action by one who purchased realty and rents collected by vendor's agent under a power of attorney against such agent to recover rents collected, plaintiff is not required to furnish a copy of defendant's books in the pleadings but is required to furnish a copy of the power of attorney pleaded in declaration where it is a material part of his claim (Court Rules Nos. 17, 19 [1933]; 3 Comp. Laws 1929, § 14118).

2. SAME—WRITTEN INSTRUMENTS.

The rules of pleading have been liberalized but not to such an extent as to excuse failure to furnish a copy of a written instrument pleaded in the declaration (Court Rules Nos. 17, 19 [1933]).

3. SAME—BILL OF PARTICULARS—CONTRACT ACTION.

In action by purchaser of realty and rents collected by vendor's agent under a power of attorney where declaration alleged refusal to pay over rents collected under such power, that defendant collected rents and was indebted and accountable to plaintiff for rents collected, for treble damages for forcible entry and detainer, for money had and received and on account stated, dismissal of declaration *held*, proper where plaintiff inspected defendant's books but refused to amend declaration, furnish copy of written instrument sued upon, or give additional information relative to his claim (Court Rules Nos. 17, 19 [1933]; 3 Comp. Laws 1929, § 14118).

Appeal from Wayne; Webster (Clyde I.), J. Submitted April 7, 1939. (Docket No. 55, Calendar No. 40,449.) Decided June 6, 1939. Rehearing denied September 6, 1939.

Action by Eugene J. Stephenson against Union Guardian Trust Company, a Michigan corporation, for sums collected and for damages for forcible entry and detainer. From order dismissing declaration, plaintiff appeals. Affirmed.

*John R. Rood,* for plaintiff.

*Levin, Levin & Dill,* for defendant.

SHARPE, J. On October 13, 1938, plaintiff filed a declaration in the circuit court of Wayne county in which it is alleged that plaintiff is a resident of Wayne county and defendant is a Michigan corporation with its principal office in the city of Detroit; that on or about February 13, 1930, William Prost, being the owner of certain real estate, appointed

defendant company his agent to lease, operate and collect rents on said property and such authority was granted by a written instrument; that defendant has operated the premises, collected the rents and is indebted to said William Prost in the sum of $40,000; that on March 19, 1936, William Prost sold the premises, including the rents collected by defendant, to plaintiff herein and defendant now refuses to pay plaintiff any part of the rents collected; that prior to March 19, 1938, defendant admitted to plaintiff that it was owing to said Prost the sum of $15,000 or over; that relying on said statement by defendant, plaintiff purchased the rents and rights of action against the defendant; that, subsequently, plaintiff served on defendant a notice of cancellation of the Prost power of attorney; that on or about March 23, 1938, defendant took possession of the premises and is accountable to plaintiff for all money received as rents, and further liable for treble damages for forcible entry and detainer; that defendant is indebted to plaintiff in the sum of $40,000 for money had and received by it for the use and benefit of plaintiff; and that defendant is indebted to plaintiff in the further sum of $40,000 on account stated between them.

November 18, 1938, defendant filed a motion to dismiss plaintiff's suit for the following reasons: First, said declaration does not contain a plain and concise statement of facts; the counts of said declaration are not indicated or numbered; the written instrument in the declaration is not set out or described, nor is a copy attached to the declaration, or a statement made that the written instrument is in the possession of defendant. Second, that the declaration does not comply with Court Rule No. 19 (1933) in that it does not contain such specific allegations as will reasonably inform the defendant of

the nature of the cause he is called upon to defend; and that the different counts in the declaration are not designated as such and numbered consecutively.

On November 23, 1938, plaintiff's attorney wrote defendant's attorney that certain numbered paragraphs in the declaration, namely, paragraphs 11 and 12, are common counts under which plaintiff seeks to recover for items of which the defendant, by reason of its being the collection agent, and having direct knowledge of what was done, and of which plaintiff can learn only from defendant, and because the particulars are more fully within the knowledge of the defendant than of the plaintiff, he is unable to specify.

On December 9, 1938, the trial court entered the following order:

"It is ordered that the plaintiff's declaration heretofore filed in this cause be and the same hereby is dismissed unless the plaintiff file in said cause within 10 days after date of this order and serve upon defendant's counsel an amended declaration, which said declaration shall comply with the Michigan court rules and the statutes of the State of Michigan relative thereto; and in default thereof, it is ordered that the said cause shall be and stand dismissed."

Plaintiff declined further to amend his declaration, furnish a copy of the written instrument relied upon or give any additional information concerning his claim. Plaintiff's declaration was dismissed and he now appeals. He contends that his declaration complies with Court Rules Nos. 17 and 19 (1933); and that under section 1 of Court Rule No. 20 (1933) it is not necessary to file a bill of particulars.

Court Rule No. 17 (1933) reads as follows:

"1. All pleadings must contain a plain and concise statement without repetition of the facts on which the pleader relies in stating his cause of ac-

tion or defense, and no other.  Each count or division of a pleading shall, so far as practicable, be divided into paragraphs consecutively numbered, each containing as near as may be a separate allegation.  Dates, sums and numbers may be expressed in either figures or in words. * * *

"5.  Whenever a cause of action or defense is based upon a written instrument or document, the substance only of such instrument or document shall be set forth in the pleading. * * * and except where * * * the same (instrument or document) or a copy thereof is in possession of the opposite party and so stated in the pleading to be, a copy thereof shall be attached to the pleading as an exhibit."

Court Rule No. 19 (1933) reads as follows:

"1.  The declaration shall contain such specific allegations as will reasonably inform the defendant of the nature of the cause he is called upon to defend.  Each allegation shall be set forth in a separate paragraph, and the various paragraphs shall be numbered consecutively. * * *

"3.  The different counts of a declaration shall be designated as such and numbered consecutively."

Section 14118, 3 Comp. Laws 1929 (Stat. Ann. § 27.812), provides that no declaration shall be deemed insufficient which contains information as shall reasonably inform defendant of the nature of the case he is called upon to defend.

The record shows that prior to a hearing on defendant's motion to dismiss, plaintiff and his attorney inspected the books of defendant company and could have furnished such information as was ordered by the trial court.  It was not required that plaintiff furnish a copy of defendant's books, but he should be required to furnish a copy of the written instrument mentioned in his declaration, especially in view of the fact that the written instru-

ment is a material part of plaintiff's claim on the theory mentioned in count one of his declaration.

The rules of pleading have been liberalized, *Von Zellen* v. *Westrom*, 274 Mich. 555, yet not to such an extent as will excuse the failure to furnish a copy of a written instrument pleaded in the declaration.

The order of the lower court is affirmed, with costs to defendant.

BUTZEL, C. J., and WIEST, BUSHNELL, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.