SCARSELLA v POLLAK

Docket No. 199008. Submitted May 12, 1998, at Detroit. Decided October 2, 1998, at 9:25 A.M. Leave to appeal sought.

Richard Scarsella brought a medical malpractice action in the Oakland Circuit Court against Norman L. Pollak, M.D., and others. The complaint was filed on September 22, 1995, approximately three weeks before the claim would be barred by the applicable two-year period of limitation. The plaintiff did not file the statutorily required affidavit of merit with the complaint or seek a statutorily allowed twenty-eight-day extension in which to file an affidavit. Dr. Pollak filed a motion for summary disposition on March 12, 1996, alleging the failure to file the affidavit. The plaintiff filed the affidavit on April 22, 1996, and, two days later, the court, Alice L. Gilbert, J., granted Dr. Pollak's motion and dismissed the case with prejudice. The court ruled that the failure to file the affidavit with the complaint rendered the complaint null and void and that, because the filing was a nullity, it did not toll the period of limitation and the claim was time-barred before the affidavit was filed. The plaintiff appealed.

The Court of Appeals *held*:

1. A civil action is commenced and the period of limitation applicable to the action is tolled when a complaint is filed. However, a medical malpractice plaintiff must file a complaint and an affidavit of merit to commence an action. For statute of limitation purposes, the mere tendering of a complaint without the affidavit is insufficient to commence a medical malpractice lawsuit.

2. Because the complaint without an affidavit of merit was insufficient to commence the action, the court correctly found that the period of limitation expired in October 1995. The complaint without an affidavit was insufficient to commence the action within the period of limitation and did not toll the period of limitation.

3. The plaintiff may not amend his complaint by appending the untimely affidavit of merit to it and have the amendment relate back making timely the newly completed complaint.

Affirmed.

LIMITATION OF ACTIONS — PLEADING — MEDICAL MALPRACTICE — AFFIDAVITS OF MERIT — COMMENCEMENT OF ACTIONS.

A civil action generally is commenced and the period of limitation applicable to the action is tolled when the complaint is filed; to commence a medical malpractice action, however, the plaintiff must also file an affidavit of merit with the complaint, because the mere tendering of a complaint without the affidavit is insufficient to commence the medical malpractice lawsuit for purposes of tolling the period of limitation; a medical malpractice complaint that was filed without an affidavit of merit before the expiration of the period of limitation may not be amended by appending an affidavit of merit to the complaint after the period of limitation has expired and have such amendment relate back to make timely the newly filed complaint (MCR 2.101[B], 2.112[L], 2.118[D]; MCL 600.2912d[1], 600.5856; MSA 27A.2912[4][1], 27A.5856).

*Dib and Fagan, P.C.* (by *Albert J. Dib*), for the plaintiff.

*Schwartz & Jalkanen, P.C.* (by *Karl E. Hannum* and *Deborah Laura Rhodes*), for Norman L. Pollak, M.D.

Before: HOOD, P.J., and MACKENZIE and DOCTOROFF, JJ.

PER CURIAM. This is a medical malpractice action. Plaintiff appeals as of right from an order granting summary disposition in favor of defendant Dr. Norman Pollak (defendant) premised on plaintiff's failure to file an affidavit of merit with his complaint before the period of limitation had expired. We affirm.

MCL 600.2912d(1); MSA 27A.2912(4)(1), as amended by 1993 PA 78, the 1993 tort reform legislation, provides that the plaintiff in a medical malpractice action "shall file with the complaint an affidavit of merit . . . ." The substance of the affidavit, in essence, is a qualified health professional's opinion

that the plaintiff has a valid malpractice claim. MCL 600.2912d(2); MSA 27A.2912(4)(2) provides a measure of relief when an affidavit of merit cannot be filed with the plaintiff's complaint. That subsection allows, on motion for good cause shown, an additional twenty-eight days in which to file the required affidavit.

In this case, plaintiff filed his medical malpractice complaint against defendant and others on September 22, 1995, approximately two to three weeks before plaintiff's claim would be barred by the applicable two-year limitation period. MCL 600.5805(4); MSA 27A.5805(4). Plaintiff did not file an affidavit of merit with the complaint, however, and he did not move for a twenty-eight-day extension in which to file an affidavit.

On March 12, 1996, defendant filed a motion seeking summary disposition for failure to comply with MCL 600.2912d(1); MSA 27A.2912(4)(1). On April 22, 1996—two days before the trial court heard defendant's motion—plaintiff filed an affidavit of merit. The trial court, however, ruled that plaintiff's failure to file an affidavit of merit with his complaint rendered the complaint null and void. The court then reasoned that because the filing was a nullity, it did not toll the period of limitation and therefore plaintiff's claim was time-barred months before the affidavit of merit was finally furnished. The case was dismissed with prejudice.

We find no error in the trial court's analysis. Generally, a civil action is commenced and the period of limitation is tolled when a complaint is filed. See

MCR 2.101(B) and MCL 600.5856; MSA 27A.5856. However, medical malpractice plaintiffs must file more than a complaint; they "shall file with the complaint an affidavit of merit . . . ." MCL 600.2912d(1); MSA 27A.2912(4)(1). See also MCR 2.112(L). Use of the word "shall" indicates that an affidavit accompanying the complaint is mandatory and imperative. *Oakland Co v Michigan*, 456 Mich 144, 154; 566 NW2d 616 (1997). We therefore conclude that, for statute of limitations purposes in a medical malpractice case, the mere tendering of a complaint without the required affidavit of merit is insufficient to commence the lawsuit. Compare *Hadley v Ramah*, 134 Mich App 380, 384-385; 351 NW2d 305 (1984); *Stephenson v Union Guardian Trust Co*, 289 Mich 237, 241-242; 286 NW 226 (1939).

Because plaintiff's complaint without an affidavit of merit was insufficient to commence his action, the period of limitation expired in October 1995. Accordingly, the trial court correctly concluded that plaintiff's claim, as completed in April 1996, was time-barred.[1] Furthermore, because the complaint without an affidavit was insufficient to commence plaintiff's malpractice action, it did not toll the period of limitation. See *Solowy v Oakwood Hosp Corp*, 454 Mich 214, 229; 561 NW2d 843 (1997), suggesting that, in order to toll the period of limitation, a medical mal-

---

[1] We recognize that in *Vandenberg v Vandenberg*, 231 Mich App 497; 586 NW2d 570 (1998), this Court recently held that dismissal is not an appropriate remedy when a medical malpractice plaintiff fails to file an affidavit of merit. However, *Vandenberg* did not involve a statute of limitations problem and hence is factually and legally distinguishable from this case.

practice plaintiff filing a complaint without an affidavit of merit must move for the twenty-eight-day extension provided for under MCL 600.2912d(2); MSA 27A.2912(4)(2).

Plaintiff contends that he should have been allowed to amend his September 22, 1996, complaint by appending the untimely affidavit of merit. He reasons that such an amendment would relate back, see MCR 2.118(D), making timely the newly completed complaint. We reject this argument for the reason that it effectively repeals the statutory affidavit of merit requirement. Were we to accept plaintiff's contention, medical malpractice plaintiffs could routinely file their complaints without an affidavit of merit, in contravention of the court rule and the statutory requirement, and "amend" by supplementing the filing with an affidavit at some later date. This, of course, completely subverts the requirement of MCL 600.2912d(1); MSA 27A.2912(4)(1), that the plaintiff "shall file with the complaint an affidavit of merit," as well as the legislative remedy of MCL 600.2912d(2); MSA 27A.2912(4)(2), allowing a twenty-eight-day extension in instances where an affidavit cannot accompany the complaint.

Affirmed.