SCARSELLA v POLLAK

Docket No. 114630. Decided March 28, 2000. On application by the plaintiff for leave to appeal, the Supreme Court, in lieu of granting leave, affirmed the judgments of the Court of Appeals and the circuit court.

Richard Scarsella brought a medical malpractice action in the Oakland Circuit Court against Norman L. Pollak, M.D., and others shortly before his claim would be barred by the applicable two-year limitation period. He did not file an affidavit of merit with the complaint, however, and did not move for a twenty-eight-day extension in which to file an affidavit. After the defendant filed a motion for summary disposition for failure to file the affidavit, the plaintiff filed an affidavit, two days before the trial court heard the motion. The court, Alice L. Gilbert, J., ruled that the plaintiff's failure to file an affidavit of merit with his complaint rendered the complaint null and void. Because the filing was a nullity, the court found that it did not toll the period of limitation, and therefore the plaintiff's claim was time-barred months before the affidavit of merit was furnished. The case was dismissed with prejudice. The Court of Appeals, HOOD, P.J., and MACKENZIE and DOCTOROFF, JJ., affirmed in an opinion per curiam, finding no error in the trial court's analysis and concluding that, for statute of limitation purposes in a medical malpractice case, the mere tendering of a complaint without the required affidavit of merit is insufficient to commence the lawsuit. 232 Mich App 61 (1998) (Docket No. 199008). The plaintiff seeks leave to appeal.

In an opinion per curiam, signed by Chief Justice WEAVER, and Justices TAYLOR, CORRIGAN, YOUNG, and MARKMAN, the Supreme Court *held*:

Where a plaintiff in a medical malpractice action wholly omits to file an affidavit of merit as required by MCL 600.2912d(1); MSA 27A.2912(4)(1), the filing of the complaint is ineffective, and does not toll the applicable period of limitation.

1. Under MCL 600.2912d(1); MSA 27A.2912(4)(1), a medical malpractice plaintiff must file an affidavit of merit with the complaint. MCL 600.2912d(2); MSA 27A.2912(4)(2), permits a twenty-eight-day

extension in instances where an affidavit cannot accompany the complaint. An untimely affidavit of merit does not relate back.

2. In this case, although the plaintiff filed and served a complaint within the limitation period, because he failed to file an affidavit of merit, the filing and service of the complaint did not toll the limitation period. The period had expired when the affidavit was filed.

Affirmed.

Justices CAVANAGH and KELLY would either grant or deny leave to appeal, but would not dispose of this case by an opinion per curiam.

*Dib & Fagan, P.C.* (by *Albert J. Dib*), and *Bendure & Thomas* (by *Victor S. Valenti*), of counsel, for plaintiff-appellant.

*Schwartz & Jalkanen* (by *Karl E. Hannum*) for defendant-appellee.

PER CURIAM. In this case, the Court of Appeals has crafted a clear, concise opinion that correctly resolves an important issue. 232 Mich App 61; 591 NW2d 257 (1998). We adopt this opinion in its entirety, and reprint it below. At its conclusion, we will add two additional points of clarification.

This is a medical malpractice action. Plaintiff appeals as of right from an order granting summary disposition in favor of defendant Dr. Norman Pollak (defendant) premised on plaintiff's failure to file an affidavit of merit with his complaint before the period of limitation had expired. We affirm.

MCL 600.2912d(1); MSA 27A.2912(4)(1), as amended by 1993 PA 78, the 1993 tort reform legislation, provides that the plaintiff in a medical malpractice action "shall file with the complaint an affidavit of merit . . . ." The substance of the affidavit, in essence, is a qualified health professional's opinion that the plaintiff has a valid malpractice claim. MCL 600.2912d(2); MSA 27A.2912(4)(2) provides a measure of relief when an affidavit of merit cannot be filed with the plaintiff's complaint. That subsection allows, on motion for

good cause shown, an additional twenty-eight days in which to file the required affidavit.

In this case, plaintiff filed his medical malpractice complaint against defendant and others on September 22, 1995, approximately two to three weeks before plaintiff's claim would be barred by the applicable two-year limitation period. MCL 600.5805(4); MSA 27A.5805(4). Plaintiff did not file an affidavit of merit with the complaint, however, and he did not move for a twenty-eight-day extension in which to file an affidavit.

On March 12, 1996, defendant filed a motion seeking summary disposition for failure to comply with MCL 600.2912d(1); MSA 27A.2912(4)(1). On April 22, 1996—two days before the trial court heard defendant's motion—plaintiff filed an affidavit of merit. The trial court, however, ruled that plaintiff's failure to file an affidavit of merit with his complaint rendered the complaint null and void. The court then reasoned that because the filing was a nullity, it did not toll the period of limitation and therefore plaintiff's claim was time-barred months before the affidavit of merit was finally furnished. The case was dismissed with prejudice.

We find no error in the trial court's analysis. Generally, a civil action is commenced and the period of limitation is tolled when a complaint is filed. See MCR 2.101(B) and MCL 600.5856; MSA 27A.5856. However, medical malpractice plaintiffs must file more than a complaint; they "shall file with the complaint an affidavit of merit . . . ." MCL 600.2912d(1); MSA 27A.2912(4)(1). See also MCR 2.112(L). Use of the word "shall" indicates that an affidavit accompanying the complaint is mandatory and imperative. *Oakland Co v Michigan*, 456 Mich 144, 154; 566 NW2d 616 (1997). We therefore conclude that, for statute of limitations purposes in a medical malpractice case, the mere tendering of a complaint without the required affidavit of merit is insufficient to commence the lawsuit. Compare *Hadley v Ramah*, 134 Mich App 380, 384-385; 351 NW2d 305 (1984); *Stephenson v Union Guardian Trust Co*, 289 Mich 237, 241-242; 286 NW 226 (1939).

Because plaintiff's complaint without an affidavit of merit was insufficient to commence his action, the period of limitation expired in October 1995. Accordingly, the trial court correctly concluded that plaintiff's claim, as completed in April 1996, was time-barred.[1] Furthermore, because the complaint without an affidavit was insufficient to commence plaintiff's malpractice action, it did not toll the period of limitation. See *Solowy v Oakwood Hosp Corp*, 454 Mich 214, 229; 561 NW2d 843 (1997), suggesting that, in order to toll the period of limitation, a medical malpractice plaintiff filing a complaint without an affidavit of merit must move for the twenty-eight-day extension provided for under MCL 600.2912d(2); MSA 27A.2912(4)(2).

Plaintiff contends that he should have been allowed to amend his September 22, 1996, complaint by appending the untimely affidavit of merit. He reasons that such an amendment would relate back, see MCR 2.118(D), making timely the newly completed complaint. We reject this argument for the reason that it effectively repeals the statutory affidavit of merit requirement. Were we to accept plaintiff's contention, medical malpractice plaintiffs could routinely file their complaints without an affidavit of merit, in contravention of the court rule and the statutory requirement, and "amend" by supplementing the filing with an affidavit at some later date. This, of course, completely subverts the requirement of MCL 600.2912d(1); MSA 27A.2912(4)(1), that the plaintiff "shall file with the complaint an affidavit of merit," as well as the legislative remedy of MCL 600.2912d(2); MSA 27A.2912(4)(2), allowing a twenty-eight-day extension in instances where an affidavit cannot accompany the complaint. [232 Mich App 62-65.]

---

[1] We recognize that in *VandenBerg v VandenBerg*, 231 Mich App 497; 586 NW2d 570 (1998), [the Court of Appeals] held that dismissal is not an appropriate remedy when a medical malpractice plaintiff fails to file an affidavit of merit. However, *VandenBerg* did not involve a statute of limitations problem and hence is factually and legally distinguishable from this case.

As indicated, we wish to add two additional points. One concerns *Gregory v Heritage Hosp*, decided sub nom *Dorris v Detroit Osteopathic Hosp Corp*, 460 Mich 26, 47-48; 594 NW2d 455 (1999). In that case, we wrote:

> As to the appropriate sanction for failure to file an affidavit of merit, we find in the present case that dismissal without prejudice is also appropriate. In *VandenBerg v VandenBerg*, 231 Mich App 497, 502; 586 NW2d 570 (1998), the Court of Appeals found that the purpose of the statute was to prevent frivolous medical malpractice claims. In that case, plaintiff did not file an affidavit of merit at the time of filing the complaint; however, the defendants did receive an affidavit of merit at the same time they were served with the summons and the complaint. The Court of Appeals found that defendants did not suffer any prejudice because "they had access to the affidavit of merit from the moment they received the complaint." *Id.* at 503. In the present case, plaintiff's complaint was unaccompanied by an affidavit of merit at the time of filing and service upon the defendant, and at no time has plaintiff ever supplemented her complaint with an affidavit of merit. Under these circumstances, we hold that dismissal without prejudice would be the appropriate sanction for plaintiff's failure to comply with § 2912d.

That is all true. However, the difference between *Dorris/Gregory* and the present case is that today's plaintiff has a statute of limitations problem.[2] As we explained in *Dorris*, a plaintiff who files a medical-malpractice complaint without the required affidavit

---

[2] In *Dorris/Gregory*, we were presented with no issue regarding the statute of limitations. Ms. Gregory's failure to file the affidavit of merit stemmed from the fact that her attorney did not believe the complaint to be one for medical malpractice. Instead, the complaint alleged assault and battery, and was framed as an ordinary negligence claim. Part of this Court's opinion was devoted to resolving the nature of the case. 460 Mich 43-47.

is subject to a dismissal without prejudice, and can refile properly at a later date. However, such a plaintiff still must comply with the applicable period of limitation.

That brings us to our second point of clarification. MCL 600.5856(a); MSA 27A.5856(a) provides that a period of limitation is tolled "[a]t the time the complaint is filed and a copy of the summons and complaint are served on the defendant."[3] In the present case, the plaintiff did file and serve a complaint within the limitation period. The issue thus arises whether that filing and service tolled the limitation period, so that it still had not expired when the affidavit was filed the following spring.[4]

As explained by the Court of Appeals in the opinion we are adopting today, such an interpretation would undo the Legislature's clear statement that an affidavit of merit "shall" be filed with the complaint. MCL 600.2912d(1); MSA 27A.2912(4)(1). And the Court of Appeals also correctly noted *Solowy v Oakwood Hosp Corp*, *supra* at 228-229, where we counseled persons who cannot provide the required affidavit to obtain an extension under MCL 600.2912d(2); MSA 27A.2912(4)(2).[5]

---

[3] In general, of course, a statute of limitations requires only that a complaint be filed within the limitation period. *Buscaino v Rhodes*, 385 Mich 474, 481; 189 NW2d 202 (1971), partially overruled on other grounds, *McDougall v Schanz*, 461 Mich 15; 597 NW2d 148 (1999). The summons can be served within ninety-one days thereafter, unless a second summons (valid for a definite period not exceeding one year) is issued within the first ninety-one day period. MCR 2.102(A), (D).

[4] A tolling issue under MCL 600.5856(a); MSA 27A.5856(a) could not have arisen in *VandenBerg*, because the affidavit of merit was served at the same time as the complaint. 231 Mich App 498, 503.

[5] Upon motion of a party for good cause shown, the court in which the complaint is filed may grant the plaintiff or, if the plaintiff is

Today, we address only the situation in which a medical malpractice plaintiff wholly omits to file the affidavit required by MCL 600.2912d(1); MSA 27A.2912(4)(1).[6] In such an instance, the filing of the complaint is ineffective, and does not work a tolling of the applicable period of limitation. This holding does not extend to a situation in which a court subsequently determines that a timely filed affidavit is inadequate or defective.[7]

For the reasons stated by the Court of Appeals, as clarified in this opinion,[8] we affirm the judgments of the circuit court and the Court of Appeals. MCR 7.302(F)(1).

WEAVER, C.J., and TAYLOR, CORRIGAN, YOUNG, and MARKMAN, JJ., concurred.

---

represented by an attorney, the plaintiff's attorney an additional 28 days in which to file the affidavit required under subsection (1). [MCL 600.2912d(2); MSA 27A.2912(4)(2).]

[6] The statutory requirement is also reflected in the court rules.

Medical Malpractice Actions. In an action alleging medical malpractice filed on or after October 1, 1993, each party must file an affidavit as provided in MCL 600.2912d, 600.2912e; MSA 27A.2912(4), 27A.2912(5). Notice of filing the affidavit must be promptly served on the opposing party. If the opposing party has appeared in the action, the notice may be served in the manner provided by MCR 2.107. If the opposing party has not appeared, the notice must be served in the manner provided by MCR 2.105. Proof of service of the notice must be promptly filed with the court. [MCR 2.112(L), effective April 1, 1998, 456 Mich ccxx (1998).]

[7] We do not decide today *how* well the affidavit must be framed. Whether a timely filed affidavit that is grossly nonconforming to the statute tolls the statute is a question we save for later decisional development. Neither do we decide the proper handling of a case like *Gregory (Dorris)* in which there is a bona fide dispute regarding the nature of the case.

[8] The plaintiff also raised a second issue, but it does not warrant discussion.

Cavanagh and Kelly, JJ. We would grant or deny leave to appeal, but would not dispose of this case by opinion per curiam.