*588 Kelly, J.
(concurring). In Scarsella v Pollak,[1] this Court held that filing a medical-malpractice complaint without an affidavit of merit “is ineffective, and does not work a tolling of the applicable period of limitation.”[2] I did not join the majority opinion. I dissented because I did not think that we should decide the issue without the benefit of full briefing and argument.[3] In this case, plaintiffs filed an affidavit of merit. Therefore, Scarsella is not controlling, and this case does not require us to determine whether Scarsella was correctly decided. Consequently, I join the result of the majority opinion.
But I write separately to note my concern that the issue in Scarsella has never received a full hearing from this Court. As Justice CAVANAGH points out in his concurrence, meritorious arguments exist indicating that the Court misread MCL 600.5856(a) seven years ago when it acted peremptorily in Scarsella. Whether the filing of a complaint without an affidavit of merit tolls the running of the statutory period of limitations should be again, and more thoroughly, considered by this Court.

 461 Mich 547; 607 NW2d 711 (2000).

 Id. at 553, quoted ante at 584.

 Scarsella, 461 Mich at 554 (opinion by Cavanagh and Kelly, JJ.).