Viviano, J. (concurring).
 

 I concur with the denial order because I believe the Court of Appeals reached the right result by upholding the trial court's grant of summary disposition in favor of defendants under
 
 Scarsella v. Pollak
 
 ,
 
 461 Mich. 547
 
 , 549,
 
 607 N.W.2d 711
 
 (2000) (holding that an affidavit of merit (AOM) is necessary to toll the statute of limitations in a medical malpractice case). I write separately because I continue to question whether
 
 Scarsella
 
 was correctly decided. See
 
 Castro v. Goulet
 
 ,
 
 501 Mich. 884
 
 , 889,
 
 901 N.W.2d 614
 
 (2017) ( VIVIANO , J., concurring) (stating my belief that under a plain reading of the statutory scheme, "the AOM has no effect on commencing a lawsuit for purposes of the statute of limitations"). Under my reading of the pertinent statutes, although dismissal may still be warranted under a different rule, it would not be warranted under MCR 2.116(C)(7) for failure to comply with the statute of limitations.
 
 [1]
 
 But since no party has asked us to reconsider
 
 Scarsella
 
 ,
 
 [2]
 
 I concur with the Court's denial order in this case.
 

 Whether dismissal would still be warranted for failing to file an affidavit of merit if
 
 Scarsella
 
 were overturned and, if so, on what grounds, are interesting questions that would need to be addressed in an appropriate future case.
 

 In arguing that the Court of Appeals should have applied equitable tolling, plaintiff points to
 
 Ward v. Rooney-Gandy
 
 ,
 
 265 Mich. App. 515
 
 ,
 
 696 N.W.2d 64
 
 , rev'd
 
 474 Mich. 917
 
 ,
 
 705 N.W.2d 686
 
 (2005), and
 
 Young v. Sellers
 
 ,
 
 254 Mich. App. 447
 
 ,
 
 657 N.W.2d 555
 
 (2002). These cases only call into question how
 
 Scarsella
 
 should be applied. Thus, plaintiff raises no argument as to whether
 
 Scarsella
 
 's interpretation of the pertinent statutes is correct.