*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STEPHANIE ANN ZARZYSKI,

        Plaintiff-Appellant,

V

JOANNA LYNNE NIGRELLI, D.O., MUNSON HEALTHCARE GRAYLING, INC., doing business as PRUDENVILLE COMMUNITY HEALTH CENTER and MUNSON HEALTHCARE GRAYLING HOSPITAL, SHAUN C. RAMSEY, D.O., EMERGENCY PHYSICIANS MEDICAL GROUP, PC, and STAT-RAD TRANSCRIPTION AND MEDICAL EDITING SERVICES, INC.,

        Defendants-Appellees.

FOR PUBLICATION
June 24, 2021
9:20 a.m.

No. 352169
Crawford Circuit Court
LC No. 19-010600-NH

Before: BOONSTRA, P.J., and MARKEY and SERVITTO, JJ.

PER CURIAM.

In this medical malpractice action, plaintiff appeals by right the trial court's orders granting summary disposition in favor of defendants on the basis that the action was time-barred after plaintiff failed to file an affidavit of merit (AOM) with her complaint. Plaintiff argued that she was entitled to file an AOM within 91 days of filing her complaint under MCL 600.2912d(3) because defendants, in violation of MCL 600.2912b(5), had failed to allow plaintiff access to all medical records related to her malpractice claims within 56 days after defendants received the notice of intent (NOI). The trial court concluded that defendants had allowed timely access to plaintiff's medical records by providing the paperwork and information necessary for plaintiff to acquire the records, but plaintiff failed to follow through and take all of the steps required to obtain the medical records. Plaintiff challenges that ruling on appeal. We hold that because plaintiff did not file an AOM within 91 days of the filing of the complaint, summary dismissal is the proper result regardless whether defendants violated MCL 600.2912b(5). Accordingly, although our underlying reasoning differs from that proffered by the trial court, we affirm the orders granting summary disposition to defendants under MCR 2.116(C)(7) because the action was barred by the statute of limitations.

-1-

Plaintiff's medical malpractice action concerned medical treatment provided to her by defendants on several visits that spanned a few years. The gist of the malpractice case was that defendants' negligence and misdiagnoses resulted in pancreatic injury and dysfunction. In February 2019, plaintiff mailed a NOI to defendants, and defendants' agents responded by providing release authorizations and record request forms in late February. Ultimately, plaintiff received some records but complained about not receiving billing and payment records, while defendants maintained that plaintiff did not complete or fully complete the paperwork necessary to obtain all of her records. On August 15, 2019, plaintiff filed the medical malpractice lawsuit against defendants. The complaint contained the following allegation:

> Defendants did not provide **"*all medical records related to the claim that are in control of the health professional or health facility*"** (emphasis added) within 56 days from their receipt of the notice of intent as required by MCL 600.2912b(5). As a result, Plaintiff is not required to file an affidavit of merit with her Complaint. Instead, pursuant to MCL 600.2912d(3)[,] Plaintiff is given an additional 9l days in which to file appropriate affidavits of merit.

We note that MCL 600.2912b(5), more fully stated, provides that "within 56 days after receipt of [the NOI] . . ., the health professional or health facility shall allow the claimant access to all medical records related to the claim that are in the control of the health professional or health facility." And MCL 600.2912d(3) provides that "[i]f the defendant in an action alleging medical malpractice fails to allow access to medical records within the time period set forth in section 2912b([5]), the [AOM] . . . may be filed within 91 days after the filing of the complaint."

Defendants moved for summary disposition, arguing that plaintiff's action was time-barred. They maintained that the filing of the complaint did not toll the statute of limitations because plaintiff failed to additionally file an AOM with the complaint. Defendants contended that the limitations period had elapsed and that plaintiff was not entitled to the 91-day grace period in MCL 600.2912d(3) because they had allowed the claimant—plaintiff—timely access to all of her medical records for purposes of MCL 600.2912b(5). Defendants asserted that it was not their fault that plaintiff failed to take the steps necessary to obtain the records after defendants provided her with the appropriate preparatory paperwork. Plaintiff countered that written authorizations to release the medical records were not needed and that defendants were affirmatively obligated under MCL 600.2912b(5) to produce the records upon receipt of the NOI. The nature of the parties' arguments at the summary disposition hearing focused on the obligations that arise from the language in MCL 600.2912b(5). The trial court agreed with defendants' position and summarily dismissed the lawsuit on the basis of the statute of limitations.

On appeal, plaintiff argues that the trial court erred by finding, for purposes of MCL 600.2912b(5), that defendants had provided plaintiff with timely access to all medical records related to her claim that were in defendants' control. "The question whether a cause of action is barred by the applicable statute of limitations is one of law, which this Court reviews de novo." *Seyburn, Kahn, Ginn, Bess, Deitch & Serlin, PC v Bakshi*, 483 Mich 345, 354; 771 NW2d 411 (2009). This Court also reviews de novo a trial court's ruling on a motion for summary disposition. *Id.* Summary dismissal is appropriate under MCR 2.116(C)(7) when an action is barred because of the "statute of limitations." In *RDM Holdings, Ltd v Continental Plastics Co*, 281 Mich App

678, 687; 762 NW2d 529 (2008), this Court recited the principles pertaining to a motion for summary disposition brought pursuant to MCR 2.116(C)(7):

> Under MCR 2.116(C)(7) . . ., this Court must consider not only the pleadings, but also any affidavits, depositions, admissions, or other documentary evidence filed or submitted by the parties. The contents of the complaint must be accepted as true unless contradicted by the documentary evidence. This Court must consider the documentary evidence in a light most favorable to the nonmoving party. If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide. If a factual dispute exists, however, summary disposition is not appropriate. [Citations omitted.]

In *Slis v Michigan*, 332 Mich 312, 335-336; 956 NW2d 569 (2020), this Court recited the well-established principles of statutory construction, observing:

> This Court's role in construing statutory language is to discern and ascertain the intent of the Legislature, which may reasonably be inferred from the words in the statute. We must focus our analysis on the express language of the statute because it offers the most reliable evidence of legislative intent. When statutory language is clear and unambiguous, we must apply the statute as written. A court is not permitted to read anything into an unambiguous statute that is not within the manifest intent of the Legislature. Furthermore, this Court may not rewrite the plain statutory language or substitute its own policy decisions for those decisions already made by the Legislature.

> Judicial construction of a statute is only permitted when statutory language is ambiguous. A statute is ambiguous when an irreconcilable conflict exists between statutory provisions or when a statute is equally susceptible to more than one meaning. When faced with two alternative reasonable interpretations of a word in a statute, we should give effect to the interpretation that more faithfully advances the legislative purpose behind the statute. [Quotation marks and citations omitted.]

"To commence a medical malpractice action, a plaintiff must file both a complaint and an [AOM]." *Young v Sellers*, 254 Mich App 447, 451; 657 NW2d 555 (2002); see MCL 600.2912d(1). The filing of a complaint and an AOM "toll[s] the period of limitations until the validity of the affidavit is successfully challenged in subsequent judicial proceedings." *Kirkaldy v Rim*, 478 Mich 581, 586; 734 NW2d 201 (2007) (quotation marks and citation omitted). But if a plaintiff in a medical malpractice action "wholly omits" to file an AOM under MCL 600.2912d(1), "the filing of the complaint is ineffective, and does not work a tolling of the applicable period of limitation." *Scarsella v Pollak*, 461 Mich 547, 553; 607 NW2d 711 (2000).

Assuming, without deciding, that defendants failed to allow plaintiff access to all medical records related to her claim that were in their control within 56 days after receiving the NOI under MCL 600.2912b(5), plaintiff failed to file an AOM within 91 days of the complaint for purposes of MCL 600.2912d(3). Again, MCL 600.2912d(3) provides that "[i]f the defendant in an action alleging medical malpractice fails to allow access to medical records within the time period set

-3-

forth in section 2912b([5]), the [AOM] . . . may be filed within 91 days after the filing of the complaint." This language is plain and unambiguous. We fully recognize that the parties were litigating the issue whether MCL 600.2912d(3) was implicated in this case, but the clock began running on the 91-day period when the complaint was filed on August 15, 2019. On the day that the court ruled from the bench granting the motions for summary disposition, November 4, 2019, the 91 days had not yet passed, but the period had expired by the time the orders granting summary disposition were entered and reconsideration was denied. Had the court ruled in plaintiff's favor on November 4, 2019, it would have been necessary for plaintiff to obtain an AOM in very short fashion. Because the litigation was not over at that point, as the orders granting summary disposition had not yet been entered and an unsuccessful motion for reconsideration was forthcoming, plaintiff still had the opportunity to file an AOM.

MCL 600.2912d(3) simply does not accommodate for time spent litigating its application; there is no tolling language with respect to the 91-day period.[1] We also note that a medical malpractice plaintiff needs to file an AOM within 91 days even if a defendant conclusively did not allow any access to medical records, subject, perhaps, to MCL 600.2912d(2). It appears that the Legislature may not have fully contemplated the possible problems that might arise under MCL 600.2912d(3).[2] Although our ruling may seem unfair, we are merely applying the plain language of the statute, and it is up to the Legislature to potentially amend the statutory language in order to address the circumstances presented in this case and other scenarios. As the statute currently provides, a plaintiff would be wise to procure an AOM, if feasible, during the period in which the parties are litigating the issue regarding whether MCL 600.2912d(3) is implicated. Indeed, when plaintiff filed her complaint and took the position that she was entitled to an additional 91 days to file an AOM because defendants had failed to comply with MCL 600.2912b(5), it was incumbent on her to file an AOM within 91 days, and she proceeded at her own peril in not doing so.[3]

Plaintiff did not file an AOM consistent with MCL 600.2912d(1) (with complaint) or (3) (within 91 days of complaint). Therefore, plaintiff never properly commenced her medical

---

[1] We do note that "[u]pon motion of a party for good cause shown, the court in which the complaint is filed may grant the plaintiff or, if the plaintiff is represented by an attorney, the plaintiff's attorney an additional 28 days in which to file the" AOM. MCL 600.2912d(2). Plaintiff did not invoke this provision. We take no position regarding whether the 28-day, good-cause provision in MCL 600.2912d(2) is available to extend the 91-day period in MCL 600.2912d(3).

[2] We surmise that the Legislature may have concluded that a 91-day period following the filing of a complaint would suffice to have the court address a failure to allow access to medical records, the court order access, the defendant provide access, and then have the plaintiff procure an AOM. In this case, plaintiff did file a motion to compel production, but it was not filed until two months after the complaint was filed.

[3] This Court addressed similar circumstances and reached the same conclusion as here in *Raphael v Bennett*, unpublished per curiam opinion of the Court of Appeals, issued November 5, 2020 (Docket No. 349232), pp 4-5, in a case coming from the same trial court as our case. Our Supreme Court recently denied leave in the case on April 27, 2021. *Raphael v Bennett*, 957 NW2d 799 (2021).

-4-

malpractice action and the filing of her complaint did not toll the statute of limitations. See *Scarsella*, 461 Mich at 553. Accordingly, summary disposition was appropriate under MCR 2.116(C)(7). And because the limitations period had expired, the trial court was required to dismiss plaintiff's complaint with prejudice. See *Ligons v Crittenton Hosp*, 490 Mich 61, 73; 803 NW2d 271 (2011). In sum, we affirm the orders granting summary disposition in favor of defendants under MCR 2.116(C)(7) because plaintiff's action was barred by the statute of limitations.

We affirm. Having fully prevailed on appeal, defendants may tax costs under MCR 7.219.


/s/ Mark T. Boonstra
/s/ Jane E. Markey
/s/ Deborah A. Servitto