*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

YOVANI LAMAS-NAVARRO, Minor, by next
friend, SILVIA LAMAS,

       Plaintiff-Appellant,

v

SPECTRUM HEALTH, also known as SPECTRUM
HEALTH SYSTEM, SPECTRUM HEALTH
BUTTERWORTH HOSPITAL, also known as
SPECTRUM HEALTH HOSPITALS, SPECTRUM
HEALTH MEDICAL GROUP, also known as
SPECTRUM HEALTH PRIMARY CARE
PARTNERS, DENISE R. GROSTICK, R.N., MARY
S. ABBOTT, R.N., LEA K. HARMS, M.D., LORI J.
DAY, M.D., AREA-WIDE OB-GYN SERVICES,
PC, REBECCA A. VANVALKENBURG, D.O., and
DORSEY LIGON, M.D.,

       Defendants-Appellees,
and

GRAND RAPIDS WOMENS HEALTH, and
ADAM B. BLICKLEY, M.D.,

       Defendants.

UNPUBLISHED
March 23, 2023

No. 359537
Kent Circuit Court
LC No. 21-004151-NH

Before: M. J. KELLY, P.J., and JANSEN and CAMERON, JJ.

PER CURIAM.

-1-

In this medical malpractice action, plaintiff, Yovani Lamas-Navarro, by next friend, Silvia Lamas, appeals as of right the trial court's dismissal of his case against defendants.[1] On appeal, plaintiff argues he was entitled to a 91-day extension to file his affidavit of merit ("AOM") and that defendants were properly served—therefore, the trial court should have denied defendants' motions for summary disposition under MCR 2.116(C)(3), (7), and (8). We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

In 2011, defendants provided prenatal and birthing care to plaintiff's mother, Silvia. This case arises from a number of medical conditions plaintiff allegedly sustained at birth. Plaintiff's conditions are significant and he requires extensive medical care.

Shortly after his ninth birthday, on November 5, 2020, plaintiff mailed defendants notices of intent to file this lawsuit. He requested that defendants produce his and Silvia's medical records related to his birth. Plaintiff filed this lawsuit on May 10, 2021, his tenth birthday. Along with his complaint plaintiff filed an ex parte motion to extend the filing of his AOM. According to plaintiff's motion, defendants had not provided all the medical records he requested, leaving him unable to file an AOM. He included with the ex parte motion a proposed order. The trial court returned the proposed order with the word "denied" on the signature line. Plaintiff never filed an AOM.

Several months after the complaint was filed, the Spectrum defendants and the Area-Wide defendants each moved for summary disposition. Both motions argued the case should be dismissed because plaintiff never filed an AOM. The Area-Wide defendants' motion offered the additional argument that summary disposition was proper because they were improperly served.[2] In separate orders, the trial court granted the motions for summary disposition. This appeal followed.

## II. AFFIDAVIT OF MERIT

Plaintiff argues the trial court wrongly interpreted MCL 600.2912b and MCL 600.2912d when it denied his ex parte motion to extend the time for filing an AOM and later granted defendants' motions for summary disposition. We disagree.

---

[1] There are two sets of defendants involved in this case. The first set includes Spectrum Health, Spectrum Health Butterworth Hospital, Spectrum Health Medical Group, Denise R. Grostick, R.N., Mary S. Abbott, R.N., Lea K. Harms, M.D., Lori J. Day, M.D. (collectively, the "Spectrum defendants"). The second set comprises Area-Wide OB-GYN Services, PC ("Area-Wide"), Rebecca A. VanValkenburg, D.O., and Dorsey Ligon, M.D. (collectively the "Area-Wide defendants").

[2] The Spectrum defendants' motion for summary disposition only cited MCR 2.116(C)(7) as a basis for dismissal. However, the Spectrum defendants later joined the Area-Wide defendants' motion for summary disposition, which included a motion for summary disposition under MCR 2.116(C)(3), (7), and (8).

## A. STANDARD OF REVIEW

This Court reviews de novo the grant or denial of a motion for summary disposition. *Zehel v Nugent*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket Nos. 357511, 358134); slip op at 3. Relevant to this issue, defendants moved for summary disposition under MCR 2.116(C)(7) and (8).

Summary disposition under MCR 2.116(C)(7) is appropriate if a claim is barred by the statute of limitations. With respect to (C)(7) motions for summary disposition, "a court accepts as true the plaintiff's well-pleaded allegations of fact, construing them in the plaintiff's favor. The Court must consider affidavits, pleadings, depositions, admissions, and any other documentary evidence submitted by the parties, to determine whether a genuine issue of material fact exists." *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010).

The purpose of a (C)(8) motion for summary disposition is to "test[] the legal sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999).

> All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant. A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. When deciding a motion brought under this section, a court considers only the pleadings. [*Id*. at 119-120 (quotation marks and citations omitted).]

This issue also involves a question of statutory interpretation, which this Court reviews de novo. *PNC Nat'l Bank Ass'n v Dep't of Treasury*, 285 Mich App 504, 505; 778 NW2d 282 (2009).

> The paramount rule of statutory interpretation is that we are to effect the intent of the Legislature. To do so, we begin with the statute's language. If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning, and we enforce the statute as written. In reviewing the statute's language, every word should be given meaning, and we should avoid a construction that would render any part of the statute surplusage or nugatory. [*Wickens v Oakwood Healthcare Sys*, 465 Mich 53, 60; 631 NW2d 686 (2001) (citations omitted).]

## B. LAW

There are several statutory provisions governing the filing of a complaint in a medical malpractice action. For example, MCL 600.2912b details a plaintiff's notice requirement and the parties' obligations to allow access to certain medical documentation. This statute states, in relevant part:

> (1) Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.

* * *

(5) Within 56 days after giving notice under this section, the claimant shall allow the health professional or health facility receiving the notice access to all of the medical records related to the claim that are in the claimant's control, and shall furnish releases for any medical records related to the claim that are not in the claimant's control, but of which the claimant has knowledge. *Subject to section 6013(9), within 56 days after receipt of notice under this section, the health professional or health facility shall allow the claimant access to all medical records related to the claim that are in the control of the health professional or health facility.* This subsection does not restrict a health professional or health facility receiving notice under this section from communicating with other health professionals or health facilities and acquiring medical records as permitted in section 2912f. This subsection does not restrict a patient's right of access to his or her medical records under any other provision of law.

(6) After the initial notice is given to a health professional or health facility under this section, the tacking or addition of successive 182-day periods is not allowed, irrespective of how many additional notices are subsequently filed for that claim and irrespective of the number of health professionals or health facilities notified. [MCL 600.2912b (emphasis added).]

MCL 600.2912d outlines the requirements that, along with the complaint, a plaintiff must also file an AOM. An AOM "is a qualified health professional's opinion that the plaintiff has a valid malpractice claim." *Scarsella v Pollak*, 461 Mich 547, 548; 607 NW2d 711 (2000). MCL 600.2912d explains in relevant part:

(1) Subject to subsection (2), the plaintiff in an action alleging medical malpractice or, if the plaintiff is represented by an attorney, the plaintiff's attorney shall file with the complaint an affidavit of merit signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness under section 2169. The affidavit of merit shall certify that the health professional has reviewed the notice and all medical records supplied to him or her by the plaintiff's attorney concerning the allegations contained in the notice and shall contain a statement of each of the following:

(a) The applicable standard of practice or care.

(b) The health professional's opinion that the applicable standard of practice or care was breached by the health professional or health facility receiving the notice.

(c) The actions that should have been taken or omitted by the health professional or health facility in order to have complied with the applicable standard of practice or care.

(d) The manner in which the breach of the standard of practice or care was the proximate cause of the injury alleged in the notice.

(2) Upon motion of a party for good cause shown, the court in which the complaint is filed may grant the plaintiff or, if the plaintiff is represented by an attorney, the plaintiff's attorney an additional 28 days in which to file the affidavit required under subsection (1).

(3) If the defendant in an action alleging medical malpractice fails to allow access to medical records within the time period set forth in section 2912b(6), the affidavit required under subsection (1) may be filed within 91 days after the filing of the complaint.

In *Scarsella*, 461 Mich at 549, our Supreme Court held that "the mere tendering of a complaint without the required [AOM]" does not operate to toll the statute of limitations. Put differently, the right to file a medical malpractice claim may expire if the plaintiff files the complaint, but does not include with it an AOM.

C.  ANALYSIS

Before reaching the merits, we must address several arguments raised by the parties. The first matter concerns defendants' position that plaintiff abandoned this issue for our review. Defendants point to plaintiff's statement during oral argument on the motions for summary disposition in which plaintiff's counsel stated: "I will admit we did not file an [AOM], so under the rules the case should be dismissed. We just want to go to the Court of Appeals." On the basis of this statement, defendants opine plaintiff's appeal challenging the trial court's order of dismissal is an appellate parachute. We disagree. An argument is an appellate parachute when a party impermissibly "assign[s] as error on appeal something which his or her own counsel deemed proper at trial . . . ." *Marshall Lasser, PC v George*, 252 Mich App 104, 109; 651 NW2d 158 (2002). But here, plaintiff's main argument on appeal is to challenge the trial court's denial of his ex parte motion to extend the time for filing the AOM. The statement made by plaintiff's counsel at oral argument did not accept as valid the trial court's denial of plaintiff's motion. To the contrary, plaintiff's counsel repeatedly expressed his belief at the hearing that the trial court erred when it denied his ex parte motion to file his AOM. Because plaintiff did not accept as valid the denial of his motion, plaintiff's present argument is not abandoned as an appellate parachute.

That said, we do not agree with plaintiff that the trial court erred in denying his ex parte motion to extend. Along with his complaint, plaintiff moved to extend the time for filing his AOM because defendants had not provided all the medical records he requested, leaving him unable to file an AOM. He included with the motion a proposed order granting plaintiff an additional 91 days to file the AOM. The trial court denied plaintiff's motion by indicating "denied" on the proposed order's signature line. As we explain, the trial court did not err when it denied plaintiff's ex parte motion because a party need not move for the grace period under MCL 600.2912d(3).

Plaintiff's counsel was under the mistaken belief that he was required to move for a 91-day extension before he would be able to file an AOM. But his mistaken belief is at odds with the plain language of MCL 600.2912d(3) and the immediately preceding subsection, MCL 600.2912d(2). Subsection (2) states: "Upon motion of a party for good cause shown, the court in which the complaint is filed may grant the plaintiff or, if the plaintiff is represented by an attorney, the plaintiff's attorney an additional 28 days in which to file the affidavit required under

subsection (1)." In other words, a plaintiff may receive a 28-day extension to file an AOM, but the plaintiff must first move for this relief before the trial court. By contrast, subsection (3) does not require a party to file a motion—the AOM is simply filed within 91 days of filing of the complaint. Under the principle of statutory construction, *expressio unius est exclusio alterius*, subsection (3) does not require the filing of a motion, but subsection (2) does. See *Mich Ambulatory Surgical Ctr v Farm Bureau Gen Ins Co of Mich*, 334 Mich App 622, 632; 965 NW2d 650 (2020) ("[T]he expression of one thing is the exclusion of another.").

Plaintiff's ex parte motion to extend the time for filing of the AOM was, in effect, unnecessary and a nullity. Indeed, at the hearing on defendants' motion to dismiss, the trial court later tried to explain this very point when it said to plaintiff's counsel: "[I]f you don't get access to the records, you have 91 days to file the affidavit of merit. I don't have to give you permission to do that, you simply do it." Because plaintiff's counsel followed the wrong procedure by filing an unnecessary ex parte motion, the trial court did not err by denying it.

We now turn to the question of whether the trial court correctly dismissed plaintiff's complaint. In this case, there are several facts that are not at issue: (1) that plaintiff could not file the complaint until after May 6, 2021, once the 182-day notice period had expired; (2) that the statute of limitations[3] expired on May 10, 2021, plaintiff's tenth birthday; and (3) that plaintiff timely filed the complaint on May 10, 2021. When plaintiff filed the complaint, he did not include with it an AOM. Under a straightforward analysis of MCL 600.2912d, the trial court correctly dismissed his complaint because an AOM was not filed with the complaint.

Even so, plaintiff draws our attention to MCL 600.2912b(5), which again, provides, in part: "[W]ithin 56 days after receipt of notice under this section, the health professional or health facility shall allow the claimant access to all medical records related to the claim that are in the control of the health professional or health facility." Plaintiff claims that because defendants did not allow him access to all his medical records before the expiration of the 56-day period, the trial court should have granted his ex parte motion and permitted him a 91-day extension to file the AOM under MCL 600.2912d(3).

We considered a similar argument in *Zarzyski v Nigrelli*, 337 Mich App 735, 737; 976 NW2d 916 (2021). Like this case, the *Zarzyski* plaintiff filed the complaint without an AOM. *Id.* at 739. The plaintiff maintained they were not required to file an AOM under MCL 600.2912d because the defendants failed to allow the plaintiff access to all their medical records within the 56-day timeframe of subsection 2912b(5). *Id.* The defendants disagreed that they did not allow timely access to the medical records, asserting the plaintiff failed to complete the necessary

---

[3] The statute of limitations states, in relevant part:

(7) Except as otherwise provided in subsection (8), if, at the time a claim alleging medical malpractice accrues to a person under section 5838a the person has not reached his or her eighth birthday, a person shall not bring an action based on the claim unless the action is commenced on or before the person's tenth birthday or within the period of limitations set forth in section 5838a, whichever is later. [MCL 600.5851(7).]

releases of information. *Id*. This Court did not decide the issue of whether the defendant allowed access to the medical records within the 56-day period. *Id*. at 742. Instead, this Court determined that summary disposition was appropriate because "[the] plaintiff nevertheless failed to file an AOM within 91 days of the complaint for purposes of MCL 600.2912d(3)." *Id*.

In this case, plaintiff argues that summary disposition was not appropriate because defendants failed to allow him access to all his medical records within the 56-day timeframe. But, like in *Zarzyski*, plaintiff failed to file an AOM within the 91-day grace period under subsection 2912d(3). Plaintiff attempts to distinguish his failure to file an AOM from *Zarzyski*, stating the filing of the AOM during the 91-day grace period would have amounted to an "empty gesture" because the trial court had denied his motion to extend the filing of the AOM. He notes that the trial court in *Zarzyski* decided the issue of the 91-day grace period after the period had lapsed. And, by contrast, the trial court in this case decided the issue of the grace period on the same day the case was filed.

We are not persuaded the late-filing of an AOM in this case would have amounted to an "empty gesture" because plaintiff never did file an AOM. Indeed, our holding in *Zarzyski* was clear that "because [the] plaintiff did not file an AOM within 91 days of filing her complaint, summary dismissal is the proper result regardless of whether defendants violated MCL 600.2912b(5)." *Zarzyski*, 337 Mich App at 738. Stare decisis requires this Court to follow its published decisions. MCR 7.215(C)(2); *Dana Corp v Dep't of Treasury*, 267 Mich App 690, 698; 706 NW2d 204 (2005) ("The rule of stare decisis mandates that published decisions of this Court are precedential and binding on lower courts and tribunals."). Therefore, dismissal in this case was proper because plaintiff failed to file an AOM.

Finally, we consider an argument concerning the medical records provided by the Area-Wide defendants and the Spectrum defendants, respectively. Specifically, we address whether defendants timely produced the fetal monitoring strips. The question was raised whether a plaintiff could enjoy the 91-day grace period under MCL 600.2912d(3) if one defendant, but not the other, produced the necessary medical records. We need not resolve this issue because, regardless of whether the respective defendants produced the fetal monitoring strips, plaintiff nevertheless failed to file the AOM.

## III. *SCARSELLA V POLLAK*

Plaintiff next argues that our Supreme Court's decision in *Scarsella*, 461 Mich 547, was wrongly-decided. Again, *Scarsella* held that where a plaintiff "wholly omits to file" an AOM, "the filing of the complaint is ineffective, and does not work a tolling of the applicable period of limitation." *Id*. at 553. Plaintiff apparently believes that the trial court, on its own, should have recognized that the Michigan Supreme Court's analysis in *Scarsella* was flawed and, therefore, it should have denied summary disposition on this basis. However, "[t]his Court is bound by stare decisis to follow the decisions of our Supreme Court." *DC Mex Holdings LLC v Affordable Land LLC*, 320 Mich App 528, 540; 907 NW2d 611 (2017) (quotation marks and citation omitted). Even if we agreed that our Supreme Court's decision in *Scarsella* was wrong, this Court could not reverse under the doctrine of stare decisis.

## IV. IMPROPER SERVICE OF PROCESS

Plaintiff last challenges the grant of summary disposition under MCR 2.116(C)(3) in which the Area-Wide defendants alleged improper service of process. We disagree this argument requires our reversal because this issue is ultimately irrelevant. As discussed, summary disposition in favor of all defendants was appropriate under MCR 2.116(C)(7) and (8) because plaintiff failed to file an AOM. See discussion *supra*. Thus, it does not matter whether the trial court properly granted summary disposition under subsection (C)(3) because summary disposition would have been granted anyway.

Affirmed.

/s/ Michael J. Kelly
/s/ Kathleen Jansen
/s/ Thomas C. Cameron