*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CANDI OTTGEN, and PATRICK OTTGEN,

      Plaintiffs-Appellees,

v

ABDALMAIJID KATRANJI, M.D., KATRANJI
RECONSTRUCTIVE SURGICAL INSTITUTE,
KATRANJI RECONSTRUCTIVE SURGERY
INSTITUTE, PLLC, KATRANJI FAMILY
FOUNDATION, KATRANJI HAND CENTER, and
KATRANJI INSTITUTE,

      Defendants-Appellants.

UNPUBLISHED
May 20, 2021

No. 350767
Ingham Circuit Court
LC No. 19-000266-NH

Before: CAMERON, P.J., and BORRELLO and REDFORD, JJ.

PER CURIAM.

Defendants, Abdalmaijid Katranji, M.D., Katranji Reconstructive Surgical Institute, Katranji Reconstructive Surgery Institute, PLLC, Katranji Family Foundation, Katranji Hand Center, and Katranji Institute, appeal by leave granted[1] the trial court's order denying their motion for summary disposition. We affirm in part and reverse in part.

## I. FACTUAL BACKGROUND

Plaintiff, Candi Ottgen, received two separate thumb surgeries from defendant Dr. Katranji; her first surgery was performed on May 1, 2017, and her second surgery was performed on July 23, 2017. After the surgeries, Candi reported numbness and tingling in her thumb and index finger, a decreased range of motion, decreased strength, and had difficulty performing daily tasks. Candi and her husband, Patrick, also reported an interference with their marital relationship as a result of the thumb surgeries. Consequently, plaintiffs filed a medical malpractice claim

---

[1] *Ottgen v Katranji*, unpublished order of the Court of Appeals, entered February 19, 2020 (Docket No. 350767).

against defendants on April 11, 2019. Plaintiffs did not, however, file an affidavit of merit with their complaint. On May 9, 2019, defendants moved for summary disposition pursuant to MCR 2.116(C)(7), asserting a statute-of-limitations defense. Defendants asserted that plaintiffs' failure to file with the complaint the affidavit of merit did not commence the lawsuit nor toll the applicable statute of limitations. Defendants relied exclusively on our Supreme Court's holding in *Scarsella v Pollak*, 461 Mich 547; 607 NW2d 711 (2000).

On May 13, 2019, plaintiffs filed their first amended complaint, this time attaching the required affidavit of merit. Plaintiffs noted that the affidavit of merit was created on January 30, 2019, and that it was not attached to the original complaint because of a clerical error. Two days later, plaintiffs filed an emergency motion to file a late affidavit of merit, asserting that their amended complaint related back to their original complaint. Defendants responded, contending that *Scarsella* controlled and that no action had been commenced by the filing of the original complaint because such complaint was unaccompanied by the affidavit of merit. Defendants also challenged the untimely filed motion to attach the affidavit of merit because it was filed outside the 28-day period enumerated in MCL 600.2912d(2). Defendants further argued that plaintiffs could not establish good cause for the late filing because, not only did plaintiffs move to file the late affidavit of merit outside the 28-day period, plaintiffs had the affidavit of merit in their possession at the time of filing the original complaint and simply neglected to attach it to the complaint.

After hearing oral arguments on the competing motions, the trial court denied defendants' motion for summary disposition. The trial court reasoned that this case differed from *Scarsella* because, in this case, there was an affidavit of merit in existence at the time plaintiffs filed their complaint; whereas, in *Scarsella*, there did not appear to be an affidavit of merit in existence at the time the complaint was filed and was instead later created. In other words, there was an affidavit of merit in existence that was inadvertently not filed in this case, but there was no affidavit of merit in existence at the time of filing in *Scarsella*. The trial court concluded there was an inadvertent error not to attach the affidavit of merit, this case differed from *Scarsella*, and plaintiffs could file their late affidavit of merit so to save their claims. The trial court reasoned the interest of justice should allow for the late filing of the affidavit of merit and that there was no undue delay, bad faith, or dilatory motive on the part of plaintiffs. Defendants now appeal.

## II. STANDARDS OF REVIEW

This Court reviews de novo a circuit court's summary disposition decision. *Dalley v Dykema Gossett PLLC*, 287 Mich App 296, 304; 788 NW2d 679 (2010). Summary disposition under MCR 2.116(C)(7) is permitted "because of release, payment, prior judgment, [or] statute of limitations." MCR 2.116(C)(7). "When it grants a motion under MCR 2.116(C)(7), a trial court should examine all documentary evidence submitted by the parties, accept all well-pleaded allegations as true, and construe all evidence and pleadings in the light most favorable to the nonmoving party." *Clay v Doe*, 311 Mich App 359, 362; 876 NW2d 248 (2015) (quotation marks omitted), lv den 499 Mich 882 (2016). "Unlike a motion under subsection (C)(10), a movant under MCR 2.116(C)(7) is not required to file supportive material, and the opposing party need not reply with supportive material." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999), reh den 461 Mich 1205 (1999). If the facts are in contention, "the court may not resolve factual disputes or determine credibility in ruling on a summary disposition motion." *Burkhardt v Bailey*,

260 Mich App 636, 647; 680 NW2d 453 (2004), lv den 471 Mich 920 (2004). However, [i]f no facts are in dispute, whether the claim is statutorily barred is a question of law." *Dewey v Tabor*, 226 Mich App 189, 192; 572 NW2d 715 (1997).

"A court may grant summary disposition under MCR 2.116(C)(8) if the opposing party has failed to state a claim on which relief can be granted." *Dalley*, 287 Mich App at 304 (quotation marks and brackets omitted). "A motion brought under subrule (C)(8) tests the legal sufficiency of the complaint solely on the basis of the pleadings." *Id*. (citation omitted). All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmoving party. *Id*. at 304-305. "Summary disposition on the basis of subrule (C)(8) should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery." *Id*. at 305 (quotation marks and citation omitted).

## III. ANALYSIS

Defendants argue the trial court erred by distinguishing this case from *Scarsella*, that summary disposition in their favor was appropriate, and that plaintiffs' claims should be dismissed with prejudice. We agree in part and disagree in part.

MCL 600.2912d(1) provides the plaintiff in a medical malpractice action "shall file with the complaint an affidavit of merit signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness." The substance of the affidavit of merit is that a plaintiff has a valid malpractice claim. See MCL 600.2912d(1)(a)-(d) (describing the requirements of the affidavit, such as the applicable standard of care, whether there was a breach of that standard, and whether the breach was the proximate cause of the alleged injury). In crafting MCL 600.2912d, the Legislature provided a measure of relief when an affidavit of merit cannot be filed with the complaint. See MCL 600.2912d(2). "Upon motion of a party for good cause shown, the court in which the complaint is filed may grant the plaintiff . . . an additional 28 days in which to file the affidavit of merit." *Id*.

Our Supreme Court adopted this Court's opinion in *Scarsella v Pollak*, 232 Mich App 61; 591 NW2d 257 (1998), aff'd as mod 461 Mich 547 (2000), and merely added two points of clarification. *Scarsella*, 461 Mich at 548. *Scarsella* involved a medical malpractice action in which the plaintiff failed to file an affidavit of merit with his complaint before the statutory period of limitations expired. *Scarsella*, 232 Mich App at 63. The plaintiff filed a complaint "approximately two to three weeks before" the applicable two-year statutory period of limitations would have barred the plaintiff's claim. *Id*. However, similar to this case, the plaintiff did not file an affidavit of merit with the complaint, and the plaintiff did not move for a 28-day extension in which to file an affidavit of merit under MCL 600.2912d(2). *Id*. Subsequently, the defendant moved for summary disposition on the basis of the plaintiff's failure to comply with MCL 600.2912d(1). *Id*. Thereafter, the plaintiff filed an affidavit of merit, but by the time the plaintiff filed the affidavit of merit, the statutory period of limitations had expired. *Id*. The trial court concluded that the "plaintiff's failure to file an affidavit of merit with his complaint rendered the complaint null and void," and "because the filing was a nullity, it did not toll the period of limitation and therefore plaintiff's claim was time-barred months before the affidavit of merit was finally furnished." *Id*.

This Court affirmed the trial court's decision, which our Supreme Court subsequently affirmed. *Scarsella*, 461 Mich at 553; see also *Scarsella*, 232 Mich App at 65. This Court reasoned that the commencement of a medical malpractice claim differed from the general commencement requirements of a civil action. *Scarsella*, 232 Mich App at 63. Relying on MCL 600.2912d(1) and the use of the term "shall," this Court concluded that the requirement of the affidavit of merit accompanying the complaint was mandatory and imperative. *Id*. at 64. Therefore, "for statute of limitations purposes in a medical malpractice case, the mere tendering of a complaint without the required affidavit of merit is insufficient to commence the lawsuit." *Id*. This Court further concluded that, "because the complaint without an affidavit was insufficient to commence plaintiff's malpractice action, it did not toll the period of limitation." *Id*. Our Supreme Court clarified that "the filing of the complaint is ineffective, and does not work a tolling of the applicable period of limitation" under MCL 600.5856(a) when a plaintiff "wholly omits to file the affidavit required by MCL 600.2912d(1)." *Scarsella*, 461 Mich at 553.

In this case, plaintiffs alleged injuries arising from two separate surgeries: the first one on May 1, 2017, and the second surgery on July 23, 2017. Accordingly, under MCL 600.5805(8), plaintiffs had two years from the date of each surgery to bring their cause of action. Plaintiffs filed their complaint on April 11, 2019, which was within the two-year statutory period of limitations under MCL 600.5805(8). However, plaintiffs did not accompany their complaint with an affidavit of merit, as required by MCL 600.2912d(1). Pursuant to *Scarsella*, 461 Mich at 553, the filing of this complaint did not toll the applicable two-year statutory period of limitations. Consequently, plaintiffs' claims with respect to the May 1, 2017 surgery were set to expire on May 1, 2019. It was not until May 13, 2019, that plaintiffs filed their amended complaint, this time attaching the affidavit of merit. Thereafter, plaintiffs filed an emergency motion on May 15, 2019, to allow for the late filing of the affidavit of merit, arguing the filing of the affidavit of merit with the amended complaint related back to the April 11, 2019 complaint under MCR 2.118(D).

*Scarsella*, 461 Mich at 550, specifically addressed this very issue:

> Plaintiff contends that he should have been allowed to amend his September 22, 1996, complaint by appending the untimely affidavit of merit. He reasons that such an amendment would relate back, see MCR 2.118(D), making timely the newly completed complaint. We reject this argument for the reason that it effectively repeals the statutory affidavit of merit requirement. Were we to accept plaintiff's contention, medical malpractice plaintiffs could routinely file their complaints without an affidavit of merit, in contravention of the court rule and the statutory requirement, and "amend" by supplementing the filing with an affidavit at some later date. This, of course, completely subverts the requirement of MCL 600.2912d(1), that the plaintiff "shall file with the complaint an affidavit of merit," as well as the legislative remedy of MCL 600.2912d(2), allowing a twenty-eight-day extension in instances where an affidavit cannot accompany the complaint. [Quoting *Scarsella*, 232 Mich App at 64-65.]

Furthermore, as explained earlier, our Supreme Court clarified that "the filing of the complaint is ineffective, and does not work a tolling of the applicable period of limitation" under MCL 600.5856(a) when a plaintiff "wholly omits to file the affidavit required by MCL 600.2912d(1)." *Scarsella*, 461 Mich at 553. Consequently, because the April 11, 2019 complaint was ineffective,

there was nothing for the subsequently filed May 13, 2019 amended complaint to relate back to. The *Scarsella* Court's mandate is clear: when a complaint is filed without an affidavit of merit, the lawsuit is not commenced and the statute of limitations is not tolled. We do not find that an exception to this mandate exists, such as a plaintiff being in possession of an affidavit of merit but erroneously does not file the affidavit of merit with the original complaint.

With regard to the emergency motion to file a late affidavit of merit, MCL 600.2912d(2) provides a measure of relief when an affidavit of merit cannot be filed with the original complaint. This provision provides: "Upon motion of a party for good cause shown, the court in which the complaint is filed may grant the plaintiff . . . an additional 28 days in which to file the affidavit of merit." MCL 600.2912d(2). In this case, plaintiffs filed their emergency motion to permit the late filing of the affidavit of merit on May 15, 2019. They filed their amended complaint, with the attached affidavit of merit, on May 13, 2019. Either day, plaintiffs' filings were six days and four days, respectively, outside the 28-day period enumerated in MCL 600.2912d(2).[2] Accordingly, plaintiffs' attempt to cure the procedural defect of not filing the affidavit of merit with the April 11, 2019 complaint was untimely, and, therefore, improper.

Plaintiffs raise additional challenges on appeal that were not raised before the trial court. We are under no obligation to review an unpreserved claim of error in a civil case, see *Napier v Jacobs*, 429 Mich 222, 232-233; 414 NW2d 862 (1987), but we "may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006). For sake of this appeal, we overlook the preservation requirement and address the newly raised challenges.

MCL 600.2912d(3) states:

> If the defendant in an action alleging medical malpractice fails to allow access to medical records within the time period set forth in [MCL 600.2912b(5)], the affidavit required under subsection (1) may be filed within 91 days after the filing of the complaint.

MCL 600.2912b(5) provides that "within 56 days after" receiving a notice of intent, "the health professional or health facility shall allow the claimant access to all medical records related to the claim that are in the control of the health professional or health facility."

In this case, plaintiffs sent their notice of intent on September 27, 2018. On January 30, 2019, plaintiffs had in their possession a signed affidavit of merit from their medical expert. Plaintiffs rely on one piece of evidence in regard to defendants' alleged failure to comply with

---

[2] See *Castro v Goulet*, 312 Mich App 1, 6; 877 NW2d 161 (2015), in which this Court addressed whether the 28-day period enumerated in MCL 600.2912d(2) started to run from the time of filing the complaint or entry of the order granting the motion under MCL 600.2912d(2). This Court stated that the "28-day period must run from the date the complaint is filed, irrespective of when the motion [under MCL 600.2912d(2)] is granted." *Id*.

MCL 600.2912b(5). Plaintiffs assert that defendants did not comply with MCL 600.2912b(5) because, months after the affidavit of merit was signed and weeks after plaintiffs filed their initial complaint, plaintiffs realized that the "pre-operative films" that they requested on March 8, 2019, were of breast imaging and not of Candi's hand. However, plaintiffs do not claim that, had they received the imaging of Candi's hand, their expert's opinion would have changed. Rather, they merely assert that receipt of the wrong films was sufficient to allow the 91-day extension under MCL 600.2912d(3). Yet, the evidence on the record suggests that defendants "allow[ed] the claimant access to all medical records related to the claim." See MCL 600.2912b(5). There was e-mail correspondence between plaintiffs' and defendants' counsel that reflect defendants' attempts to provide plaintiffs with the relevant records. There is simply no evidence in this record to suggest that defendants "fail[ed] to allow access to medical records." See MCL 600.2912d(3). Accordingly, we reject plaintiffs' claim.

Plaintiffs also argue that there are equitable exceptions to the rule of law expressed in *Scarsella*. They cite *Bryant v Oakpointe Villa Nursing Centre, Inc.*, 471 Mich 411; 684 NW2d 864 (2004), and *VandenBerg v VandenBerg (VandenBerg I)*, 231 Mich App 497; 586 NW2d 570 (1998).

*Bryant*, 471 Mich at 414, involved our Supreme Court's analysis of whether certain claims sounded in medical malpractice or ordinary negligence. The plaintiff brought claims alleging ordinary negligence. *Id*. at 417. The defendant moved for summary disposition on the basis the plaintiff's claims sounded in medical malpractice as opposed to ordinary negligence. *Id*. at 418. Thereafter, the plaintiff filed a second amended complaint alleging medical malpractice. *Id*. The defendant again moved for summary disposition, this time on the basis the two-year medical malpractice period of limitations had expired. *Id*. Ultimately, our Supreme Court concluded that, ordinarily, the applicable statute of limitations would bar the plaintiff's medical malpractice complaint. *Id*. at 432. However, the Michigan Supreme Court stated the equities of the case compelled a different result because the "distinction between actions sounding in medical malpractice and those sounding in ordinary negligence is one that has troubled the bench and bar in Michigan." *Id*. Our Supreme Court reasoned:

> Plaintiff's failure to comply with the applicable statute of limitations is the product of an understandable confusion about the legal nature of her claim, rather than a negligent failure to preserve her rights. Accordingly, for this case and others now pending—that involve similar procedural circumstances, we conclude that plaintiff's medical malpractice claims may proceed to trial along with plaintiff's ordinary negligence claim. [*Id*.]

In this case, no such confusion existed nor was there a similar procedural circumstance. *Scarsella* made it clear that a plaintiff bringing a medical malpractice claim must file a complaint accompanied by an affidavit of merit. If the complaint is filed without the affidavit of merit, the complaint is considered a nullity for purposes of tolling the applicable statute of limitations. Moreover, an amended complaint does not relate back to an original complaint because the original complaint was ineffective. Further, *Scarsella* provides that MCL 600.2912d(2) is the remedy for a plaintiff who cannot file an affidavit of merit with the original complaint. In this case, plaintiffs failed to attach an affidavit of merit with their April 11, 2019 complaint and failed to file a timely motion seeking a 28-day extension under MCL 600.2912d(2). Accordingly, the equities of this

case do not warrant equitable relief, especially considering that plaintiffs had the affidavit of merit in their possession at the time of filing the complaint, as well as at the time of filing their amended complaint. Plaintiffs provide no reasonable excuse for why the affidavit of merit was not filed other than that such failure was due to "clerical error."

*VandenBerg I*, 231 Mich App at 498, involved a plaintiff who failed to file an affidavit of merit with her complaint. This Court reversed the trial court's grant of summary disposition in favor of the defendants, concluding dismissal was inappropriate because, although the affidavit of merit was not filed with the complaint, the defendants received the affidavit of merit at the time they were served with the complaint. *Id*. at 502. Accordingly, the "purpose of the statute was served in this case when defendants received service of the affidavit of merit along with the complaint," with such purpose "to deter frivolous medical malpractice claims." *Id*. at 502-503. *VandenBerg I* preceded the Michigan Supreme Court's decision in *Scarsella*, and unlike *VandenBerg I*, defendants in this case did not receive the affidavit of merit with the original complaint. Therefore, plaintiffs' reliance on *VandenBerg I* is misplaced.[3]

Plaintiffs further rely on MCL 600.2301 in support of their contention that the trial court did not err by denying defendants' motion for summary disposition. Specifically, plaintiffs suggest that the second sentence of the statute charges Michigan courts "with the responsibility of disregarding *any* error or defect in the proceedings that does not affect the substantial rights of the parties." MCL 600.2301 provides:

> The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.

Plaintiffs contend their inadvertent failure to attach the affidavit of merit "was quickly corrected" and "defendants suffered no prejudice in the minimal delay before receiving" the affidavit of merit. This argument however does not properly consider the 28-day extension provided in MCL 600.2912d(2). That legislatively created 28-day extension already provides a medical malpractice plaintiff a remedy for not being able to file the affidavit of merit with the complaint. If plaintiffs' failure was "quickly corrected," the affidavit of merit would have been filed within that 28-day

---

[3] After this Court's reversal and remand in *VandenBerg I*, the trial court granted summary disposition again in favor of defendant on the basis that the plaintiff's medical malpractice claim expired. *VandenBerg v VandenBerg (VandenBerg II)*, 253 Mich App 658, 659; 660 NW2d 341 (2002). This Court noted *Scarsella* and concluded that the plaintiff "filed the affidavit of merit beyond the period set by the applicable statute of limitations, but failed to move for an extension. Accordingly, plaintiff's suit was not timely commenced and the trial court properly granted summary disposition in favor of defendants." *Id*. at 662. Similar to *VandenBerg II*, plaintiffs filed their affidavit of merit beyond the applicable statutory period of limitations and did not request an extension within the 28-day period set forth in MCL 600.2912d(2).

period. Plaintiffs reliance on the second sentence of MCL 600.2301 ignores the remedy that was already provided via MCL 600.2912d(2). Moreover, MCL 600.2301 "only applies to pending actions or proceedings," and because the original complaint did not commence plaintiffs' action or toll the running of the limitations period, *Scarsella*, 232 Mich App at 64, MCL 600.2301 does not save their claims, see *Tyra v Organ Procurement Agency of Mich*, 498 Mich 68, 91-92; 869 NW2d 213 (2015).

Further, ignoring the defects would affect defendants' substantial rights. Applying MCL 600.2301 would deprive defendants of their statutory right to a timely filed complaint accompanied by an affidavit of merit, and they "would also be denied [their] right to a statute-of-limitations defense." *Id*. at 92 (quotation marks and citation omitted; alteration in original).[4]

Turning now to whether dismissal of plaintiffs' claims with prejudice is appropriate, we conclude that dismissal with prejudice is only appropriate with respect to plaintiffs' injuries arising from the May 1, 2017 surgery.

The statute of limitations is not tolled when a complaint is filed without the accompanied affidavit of merit. *Scarsella*, 232 Mich App at 64. This is because a medical malpractice action is not commenced when the complaint is filed without an affidavit of merit. *Id*. After *Scarsella*, our Supreme Court later held that "a plaintiff's failure to file a timely [affidavit of merit] *or* to file a timely [affidavit of merit] that satisfies the requirements of MCL 600.2912d(1) generally results in the dismissal of the case." *Ligons v Crittenton Hosp*, 490 Mich 61, 75; 803 NW2d 271 (2011). The *Ligons* Court further held that "dismissal must be without prejudice *unless other grounds for the dismissal exist, such as the expiration of the limitations period*." *Id*. (emphasis added).

In this case, Candi's first surgery was on May 1, 2017. Therefore, she had until May 1, 2019, to properly file her cause of action. See MCL 600.5805(8). Plaintiffs' April 11, 2019 complaint was insufficient to commence the cause of action, which was also insufficient to toll the statutory period of limitations, for the reasons discussed earlier. Further, because the April 11, 2019 complaint was insufficient, there was nothing for the May 13, 2019 amended complaint to relate back to. See MCR 2.118(D); *Scarsella*, 461 Mich at 550. Consequently, plaintiffs' claims arising from the May 1, 2017 surgery are barred by the two-year period of limitations enumerated under MCL 600.5805(8). Therefore, dismissal with prejudice with regard to the May 1, 2017 surgery is appropriate. See *Ligons*, 490 Mich at 75.

However, with respect to the surgery performed on July 23, 2017, we conclude the statutory period of limitations was tolled by the filing of the amended complaint with the accompanying affidavit of merit. We reach this result because we conclude it is appropriate to treat the amended complaint as an originally filed complaint. The amended complaint standing alone met the requirements of MCL 600.2912d(1). This allows plaintiffs' claims concerning the July 23, 2017 surgery to move forward because the amended complaint and affidavit of merit were filed before

---

[4] We need not address plaintiffs' argument with regard to their belief that *Scarsella* was wrongly decided as they present this challenge to preserve it for review by our Supreme Court. Plaintiffs acknowledge that we are bound by *Scarsella*. *Maier v Maier*, 311 Mich App 218, 222-223; 874 NW2d 725 (2015); *State Treasurer v Sprague*, 284 Mich App 235, 242; 772 NW2d 452 (2009).

expiration of the two-year period of limitations, which expired on July 23, 2019. The purpose of MCL 600.2912d is "to deter frivolous medical malpractice claims." *VandenBerg I*, 231 Mich App at 502-503. Such purpose is served by concluding that defendants received a timely complaint and affidavit of merit with respect to the July 23, 2017 surgery. *Id.*

As related to the July 23, 2017 surgery, the amended complaint was timely filed, i.e., was filed before July 23, 2019. The amended complaint was also filed with the required affidavit of merit pursuant to MCL 600.2912d(1).

Affirmed in part, reversed in part.

/s/ Thomas C. Cameron
/s/ Stephen L. Borrello
/s/ James Robert Redford