*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

YOVANI LAMAS-NAVARRO, Minor, by next
friend, SILVIA LAMAS,

Plaintiff-Appellant,

v

SPECTRUM HEALTH, also known as SPECTRUM
HEALTH SYSTEM, SPECTRUM HEALTH
BUTTERWORTH HOSPITAL, also known as
SPECTRUM HEALTH HOSPITALS, SPECTRUM
HEALTH MEDICAL GROUP, also known as
SPECTRUM HEALTH PRIMARY CARE
PARTNERS, DENISE R. GROSTICK, R.N., MARY
S. ABBOTT, R.N., LEA K. HARMS, M.D., LORI J.
DAY, M.D., AREA-WIDE OB-GYN SERVICES,
PC, REBECCA A. VANVALKENBURG, D.O., and
DORSEY LIGON, M.D.,

Defendants-Appellees,
and

GRAND RAPIDS WOMENS HEALTH, and
ADAM B. BLICKLEY, M.D.,

Defendants.

UNPUBLISHED
April 25, 2024

No. 359537
Kent Circuit Court
LC No. 21-004151-NH

## ON REMAND

Before: M. J. KELLY, P.J., and JANSEN and CAMERON, JJ.

PER CURIAM.

Our Supreme Court's order in *Lamas-Navarro v Spectrum Health*, 997 NW2d 38 (Mich, 2023) (*Lamas-Navarro II*), directs this Court to reconsider this case in the context of the Court's

-1-

recent opinion in *Ottgen v Katranji*, 511 Mich 223; 999 NW2d 359 (2023). We affirm, in part, reverse in part, and remand for further proceedings.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

In *Lamas-Navarro v Spectrum Health*, unpublished per curiam opinion of the Court of Appeals, issued March 23, 2023 (Docket No. 359537), p 2 (*Lamas-Navarro I*), we summarized the relevant facts of this case as follows:

> In 2011, defendants provided prenatal and birthing care to plaintiff's mother, Silvia. This case arises from a number of medical conditions plaintiff allegedly sustained at birth. Plaintiff's conditions are significant and he requires extensive medical care.
>
> Shortly after his ninth birthday, on November 5, 2020, plaintiff mailed defendants notices of intent to file this lawsuit. He requested that defendants produce his and Silvia's medical records related to his birth. Plaintiff filed this lawsuit on May 10, 2021, his tenth birthday. Along with his complaint plaintiff filed an ex parte motion to extend the filing of his [affidavit of merit (AOM)]. According to plaintiff's motion, defendants had not provided all the medical records he requested, leaving him unable to file an AOM. He included with the ex parte motion a proposed order. The trial court returned the proposed order with the word "denied" on the signature line. Plaintiff never filed an AOM.
>
> Several months after the complaint was filed, the Spectrum defendants and the Area-Wide defendants each moved for summary disposition. Both motions argued the case should be dismissed because plaintiff never filed an AOM. The Area-Wide defendants' motion offered the additional argument that summary disposition was proper because they were improperly served.

The trial court agreed summary disposition was proper for lack of an AOM and that it would dismiss this case. It also entertained a request from the Spectrum defendants that the dismissal should be with prejudice:

> [*Spectrum Defendants*]: Your Honor, that dismissal is with prejudice, correct?
>
> *The Court*: With respect to—let's see—
>
> [*Spectrum Defendants*]: As the period of limitations has expired, so the cases should be dismissed with prejudice.
>
> *The Court*: Any objection to that, [plaintiff's counsel]?
>
> [*Plaintiff*]: No, that's the correct ruling.
>
> *The Court*: Yes. Okay. Yes, [counsel for the Spectrum defendants].

The trial court granted summary disposition in defendants' favor.

On appeal to this Court, plaintiff argued the trial court erred in granting summary disposition under MCR 2.116(C)(7) and (8). To this issue, we wrote:

> In this case, there are several facts that are not at issue: (1) that plaintiff could not file the complaint until after May 6, 2021, once the 182-day notice period had expired; (2) that the statute of limitations[, MCL 600.5851(7),] expired on May 10, 2021, plaintiff's tenth birthday; and (3) that plaintiff timely filed the complaint on May 10, 2021. When plaintiff filed the complaint, he did not include with it an AOM. Under a straightforward analysis of MCL 600.2912d, the trial court correctly dismissed his complaint because an AOM was not filed with the complaint.

> Even so, plaintiff draws our attention to MCL 600.2912b(5), which again, provides, in part: "[W]ithin 56 days after receipt of notice under this section, the health professional or health facility shall allow the claimant access to all medical records related to the claim that are in the control of the health professional or health facility." Plaintiff claims that because defendants did not allow him access to all his medical records before the expiration of the 56-day period, the trial court should have granted his ex parte motion and permitted him a 91-day extension to file the AOM under MCL 600.2912d(3).

> We considered a similar argument in *Zarzyski v Nigrelli*, 337 Mich App 735, 737; 976 NW2d 916 (2021). Like this case, the *Zarzyski* plaintiff filed the complaint without an AOM. *Id*. at 739. The plaintiff maintained they were not required to file an AOM under MCL 600.2912d because the defendants failed to allow the plaintiff access to all their medical records within the 56-day timeframe of subsection 2912b(5). *Id*. The defendants disagreed that they did not allow timely access to the medical records, asserting the plaintiff failed to complete the necessary releases of information. *Id*. This Court did not decide the issue of whether the defendant allowed access to the medical records within the 56-day period. *Id*. at 742. Instead, this Court determined that summary disposition was appropriate because "[the] plaintiff nevertheless failed to file an AOM within 91 days of the complaint for purposes of MCL 600.2912d(3)." *Id*.

> In this case, plaintiff argues that summary disposition was not appropriate because defendants failed to allow him access to all his medical records within the 56-day timeframe. But, like in *Zarzyski*, plaintiff failed to file an AOM within the 91-day grace period under subsection 2912d(3). Plaintiff attempts to distinguish his failure to file an AOM from *Zarzyski*, stating the filing of the AOM during the 91-day grace period would have amounted to an "empty gesture" because the trial court had denied his motion to extend the filing of the AOM. He notes that the trial court in *Zarzyski* decided the issue of the 91-day grace period after the period had lapsed. And, by contrast, the trial court in this case decided the issue of the grace period on the same day the case was filed.

We are not persuaded the late-filing of an AOM in this case would have amounted to an "empty gesture" because plaintiff never did file an AOM. Indeed, our holding in *Zarzyski* was clear that "because [the] plaintiff did not file an AOM within 91 days of filing her complaint, summary dismissal is the proper result regardless of whether defendants violated MCL 600.2912b(5)." *Zarzyski*, 337 Mich App at 738. Stare decisis requires this Court to follow its published decisions. MCR 7.215(C)(2); *Dana Corp v Dep't of Treasury*, 267 Mich App 690, 698; 706 NW2d 204 (2005) ("The rule of stare decisis mandates that published decisions of this Court are precedential and binding on lower courts and tribunals."). Therefore, dismissal in this case was proper because plaintiff failed to file an AOM. [*Lamas-Navarro I*, unpub op at 6-7.]

We further considered the Area-Wide defendants' argument that they were improperly served, and therefore, MCR 2.116(C)(3) was an alternative basis for summary dismissal. We concluded that, because summary disposition was proper under MCL 2.116(C)(7) and (8), the issue of improper service of process was "irrelevant" and "it [did] not matter whether the trial court properly granted summary disposition under [MCR 2.116](C)(3) because summary disposition would have been granted anyway." *Lamas-Navarro I*, unpub op at 8.

Later, our Supreme Court issued its opinion in *Ottgen*, 511 Mich 223, which concerns the effect of a failure to file an AOM alongside a complaint for medical malpractice. The Court then vacated our judgment in this case and remanded it to this Court for reconsideration in light of *Ottgen*. *Lamas-Navarro II*, 997 NW2d at 38.

## II. *OTTGEN*

On remand to this Court, plaintiff contends that, under *Ottgen*, the trial court erred in dismissing his case with prejudice. Plaintiff argues that the failure to file an AOM does not dictate whether a complaint was timely filed, and, therefore, the trial court erred in dismissing this case with prejudice on the basis of the statute of limitations. We agree, in part, and disagree, in part.

### A. STANDARD OF REVIEW

This Court reviews de novo the grant or denial of a motion for summary disposition. *Zehel v Nugent*, 344 Mich App 490, 498; 1 NW3d 387 (2022). Relevant to this issue, defendants[1] moved for summary disposition under MCR 2.116(C)(7) and (8).

Summary disposition under MCR 2.116(C)(7) is appropriate if a claim is barred by the statute of limitations. With respect to (C)(7) motions for summary disposition, "a court accepts as true the plaintiff's well-pleaded allegations of fact, construing them in the plaintiff's favor. The Court must consider affidavits, pleadings, depositions, admissions, and any other documentary

---

[1] The Spectrum defendants' motion for summary disposition only moved for summary disposition under MCR 2.116(C)(7). However, the Spectrum defendants later joined in the Area-Wide defendants' motion for summary disposition, which included a motion for summary disposition under MCR 2.116(C)(8).

evidence submitted by the parties, to determine whether a genuine issue of material fact exists." *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010) (citation omitted).

The purpose of a motion for summary disposition under MCR 2.116(C)(8) is to "test[] the legal sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999).

> All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant. A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. When deciding a motion brought under this section, a court considers only the pleadings. [*Id.* at 119-120 (quotation marks and citations omitted).]

This issue also involves a question of statutory interpretation, which this Court also reviews de novo. *PNC Nat'l Bank Ass'n v Dep't of Treasury*, 285 Mich App 504, 505; 778 NW2d 282 (2009).

> The paramount rule of statutory interpretation is that we are to effect the intent of the Legislature. To do so, we begin with the statute's language. If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning, and we enforce the statute as written. In reviewing the statute's language, every word should be given meaning, and we should avoid a construction that would render any part of the statute surplusage or nugatory. [*Wickens v Oakwood Healthcare Sys*, 465 Mich 53, 60; 631 NW2d 686 (2001) (citations omitted).]

## B. LAW AND ANALYSIS

This case concerns the commencement of a medical malpractice complaint and the effect of a plaintiff's failure to file an AOM alongside his complaint. "A civil action is commenced by filing a complaint with the court." MCL 600.1901. The complaint must also be filed within the prescribed statute of limitations. MCL 600.5805(1). Medical malpractice cases involving claims of birth trauma should "commence[] on or before [the plaintiff's] tenth birthday[.]" MCL 600.5851(7). So long as a complaint is filed in compliance with the applicable court rules, *Ottgen*, 511 Mich at 231, the statute of limitations is tolled from "the time the complaint is filed[.]" MCL 600.5856(a).

Along with these requirements, medical malpractice actions have the additional requirement of an AOM. Under MCL 600.2912d(1) the plaintiff, or their attorney, "shall file with the complaint an [AOM] signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness under [MCL 600.2169]." MCL 600.2912d(1). In cases where a defendant has failed to allow the plaintiff timely access to the medical records, the AOM "may be filed within 91 days after the filing of the complaint." MCL 600.2912d(3).

In *Scarsella v Pollak*, 461 Mich 547, 549; 607 NW2d 711 (2000), overruled in part by *Ottgen*, 511 Mich at 223, our Supreme Court held that "for statute of limitations purposes in a

medical malpractice case, the mere tendering of a complaint without the required [AOM] is insufficient to commence the lawsuit." By extension, because a lawsuit never commenced, the statute of limitations is not tolled. *Id*. at 550.

This proposition outlined in *Scarsella* was overruled by our Supreme Court in *Ottgen*. The *Ottgen* court asked: "[W]hen does a medical malpractice action begin?" *Ottgen*, 511 Mich at 228. In answering this question, the Court overruled *Scarsella*, and determined that:

> Filing an AOM under MCL 600.2912d(1) is not required to commence a medical malpractice action and toll the statutory limitations period. Instead, the normal tolling rules apply to medical malpractice actions, and tolling occurs upon the filing of a timely served complaint. Nevertheless, failure to comply with MCL 600.2912d(1) can still be a basis for dismissal of a case—just not on statute-of-limitations grounds. [*Ottgen*, 511 Mich at 228-229.]

As is noted in in our earlier opinion, the parties agree that, although it lacked an AOM, the complaint in this case was timely-filed. *Lamas-Navarro I*, unpub op at 6. Under *Ottgen*, the timely filing of the complaint tolled the statute of limitations, and the complaint could not be dismissed on timeliness grounds. *Ottgen*, 511 Mich at 228-229. Even so, the trial court's on-the-record statements demonstrate its belief that that plaintiff's failure to file the AOM caused the statute of limitations to expire, and therefore plaintiff's complaint should be dismissed. This is obviously an error, because, under *Ottgen*, the failure to file an AOM should not cause a dismissal on statute-of-limitations grounds. *Ottgen*, 511 Mich at 229.

Although the trial court's reason for granting the motions for summary disposition was in error, this Court "will not reverse where the right result is reached for the wrong reason." *Glazer v Lamkin*, 201 Mich App 432, 437; 506 NW2d 570 (1993). Thus, we must consider whether the trial court nevertheless reached the correct result. Defendants also moved for summary disposition under MCR 2.116(C)(8), arguing "the requirements of MCL 600.2912d have not been met," and therefore, "the Complaint is 'ineffective' to state a claim for medical malpractice[.]" *Ottgen* held that "medical malpractice plaintiffs must file an [AOM] along with their complaint under MCL 600.2912d(1)[.]" 511 Mich at 228. Therefore, a medical malpractice complaint filed without the required AOM is plainly insufficient. Here, it is undisputed plaintiff never filed the necessary AOM under MCL 600.2912d(1). Because plaintiff's complaint lacked the AOM, it was insufficient, and, therefore, summary disposition was proper under MCL 2.116(C)(8).

Even so, *Ottgen* also included a discussion regarding whether a dismissal caused by the failure to file an AOM should result in a dismissal with or without prejudice. *Ottgen*, 511 Mich at 238-239. The Court expressly declined to answer whether a plaintiff's failure to file an AOM should result in a dismissal with or without prejudice, noting that this decision is a "fact-bound" analysis which is usually litigated in the trial court. *Id*. In this case, it appears the trial court decided to dismiss the case with prejudice on the basis of its determination that the statute of limitations expired. But, the failure to file an AOM is no longer a basis for dismissal on statute-of-limitations grounds. *Ottgen*, 511 Mich at 228-229. The trial court's decision to grant dismissal with prejudice was fundamentally flawed, because it was predicated on a now-overruled principle of law. As such, it is necessary in this case to examine the trial court's dismissal with prejudice.

"Dismissal is a drastic step that should be taken cautiously." *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995). Courts should "carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." *Id*. On remand to this Court, plaintiff argues dismissal was not the "just and proper" outcome given defendants' purported failure to remit the necessary medical records. Without these records, plaintiff was unable to obtain the AOM as required. Whether defendants properly remitted plaintiff's medical records is a "fact-bound" question that is simply not sufficiently developed in this record. Because the factual record is insufficient, it is appropriate to remand this case to the trial court for the limited question of whether the case should be dismissed with or without prejudice. See, e.g., *Dextrom v Wexford Co*, 287 Mich App 406, 432; 789 NW2d 211 (2010) (remanding to the trial court for further factual development).

While we agree summary disposition was proper under MCR 2.116(C)(8), we do not agree with the trial court's reasons for dismissing this case with prejudice. Therefore, we affirm in part the trial court's orders granting summary disposition, but remand the case to the trial court for consideration of defendants' remittance of the relevant medical records. The trial court's analysis of this issue should inform the court whether to dismiss the case with or without prejudice.

### III. IMPROPER SERVICE

On remand, plaintiff also asks this Court reexamine its decision with respect to the Area-Wide defendants' claims of improper service of process. But, this issue is outside the scope of our Supreme Court's order, and therefore this Court's review of this issue is inappropriate.

Our Supreme Court's order on remand directs this Court to reconsider the case in light of *Ottgen*. *Lamas-Navarro II*, 997 NW2d at 38. Summary disposition was appropriate under *Ottgen*, and the only remaining question is whether that dismissal should be with or without prejudice. Thus, the issue of whether defendants were improperly served is outside the scope of the Court's order and should not be considered by this Court on remand. See *K & K Constr, Inc v Dep't of Environmental Quality*, 267 Mich App 523, 544; 705 NW2d 365 (2005) ("[W]hen an appellate court gives clear instructions in its remand order, it is improper for a lower court to exceed the scope of the order.").

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Kathleen Jansen
/s/ Thomas C. Cameron