*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TOWN CENTER FLATS, LLC,

Plaintiff/Counterdefendant-Appellant,

v

PND INVESTMENTS, LLC, MIDTOWN VILLAGE LOFTS, LLC, and FIRST STATE BANK, INC.,

Defendants-Appellees,

and

TOWN CENTER VILLAS, INC.,

Defendant/Counterplaintiff/Cross-Plaintiff,

and

FLAGSTAR BANCORP, INC.,

Defendant/Counterplaintiff,

and

VINCENT DILORENZO and TOWN CENTERS DEVELOPMENT CO., INC.,

Cross-Defendants.

UNPUBLISHED
September 5, 2024

No. 365987
Macomb Circuit Court
LC No. 2022-004535-CB

Before: GADOLA, C.J., and PATEL and YOUNG, JJ.

PER CURIAM.

-1-

Plaintiff/counterdefendant, Town Center Flats, LLC, appeals as of right from the trial court's April 14, 2023 order. The order denied plaintiff's motion for summary disposition and granted summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) in favor of defendants, PND Investments, LLC (PND Investments); Midtown Village Lofts, LLC (Midtown Village Lofts); and First State Bank, Inc (First State Bank). We affirm.

## I. FACTUAL BACKGROUND

This case involves the parties' dispute over ownership of real property located in Shelby Township, Michigan (the subject property). At one point, cross-defendant, Town Centers Development Company, Inc. (Town Centers Development), owned the subject property and sought to develop it. The subject property was split into three different parcels: Litigation Parcel A, Litigation Parcel B, and Litigation Parcel C.

## A. TOWN CENTERS DEVELOPMENT'S VARIOUS CONVEYANCES OF THE SUBJECT PROPERTY

In 2006, Town Centers Development granted a mortgage to mBank, which later initiated foreclosure proceedings. In May 2009, Town Centers Development executed a deed in lieu of foreclosure and conveyed Litigation Parcel A to mBank. At that time, Town Centers Development warranted it owned the property and held title free and clear of any undisclosed liens and encumbrances. Later, mBank conveyed its interest in the property to PND Investments.

Meanwhile, Town Centers Development "conveyed some land" within the subject property to plaintiff to build apartments. In 2006, plaintiff's property was encumbered with a mortgage. Keybank National Association (Keybank) was the mortgagee. In May 2009, Fox Brothers Company (Fox Brothers) filed suit, seeking foreclosure of a construction lien. Keybank; Town Centers Development; plaintiff; and cross-defendant, Vincent DiLorenzo (DiLorenzo), the owner and operator of plaintiff and Town Centers Development, were parties to the lawsuit. Fox Brothers alleged it was owed money for unpaid labor and supplies in relation to Building 53, which was contained on the subject property and part of a 53-unit condominium and apartment development. A judgment of foreclosure in favor of Fox Brothers was entered, and it repeatedly referenced Building 53. Keybank's priority mortgage lien was not affected by the judgment. A sheriff's sale occurred. On October 16, 2009, Fox Brothers obtained a sheriff's deed, which was recorded. The sale was confirmed, and a 30-day redemption deadline was set for December 2, 2009. Ultimately, on December 4, 2009, DiLorenzo paid Fox Brothers $32,500. On December 4, 2009, a quitclaim deed from Fox Brothers to Town Centers Development was executed. The deed reflected the tax parcel identification number of the entire subject property, but it only listed 14 pieces of individual property. Later, Keybank assigned its mortgage interest to ECP Commercial II (ECP).

## B. PLAINTIFF'S BANKRUPTCY PROCEEDINGS

On January 31, 2015, plaintiff filed for bankruptcy protection. In 2016, the bankruptcy court conducted an evidentiary hearing to determine the property in plaintiff's bankruptcy estate. Plaintiff, Town Centers Development, and ECP, which were represented by counsel, participated in the hearing. During the hearing, the participants disputed the effect of the 2009 Fox Brothers' deed and whether Town Centers Development was conveyed an interest in the subject property.

The bankruptcy court ultimately held the 2009 Fox Brothers' deed did not convey real property to Town Centers Development and merely memorialized plaintiff's redemption of Building 53. According to the bankruptcy court, the parties agreed to extend the redemption date from December 2, 2009, to December 4, 2009. The bankruptcy court held the sheriff's deed was extinguished and ECP's mortgage interest remained intact by virtue of the redemption. Building 53 was part of plaintiff's bankruptcy estate, subject to ECP's interest. This ruling was upheld by the United States District Court for the Eastern District of Michigan, *Town Center Flats, LLC, v ECP Commercial II, LLC (In re Town Center Flats)*, unpublished opinion of the United States District Court for the Eastern District of Michigan issued April 11, 2017 (Civil Action No. 16-CV-13911), pp 1-6, and the United States Court of Appeals for the Sixth Circuit, *Town Center Flats, LLC v ECP Commercial II, LLC*, 727 F Appx 114, 116, 119 (CA 6, 2018).

## C. TOWN CENTERS DEVELOPMENT'S CLAIM TO THE SUBJECT PROPERTY

At some point in 2017, PND Investments conveyed Litigation Parcel A to Midtown Village Lofts, and First State Bank later executed a construction mortgage for Midtown Village Lofts in relation to Litigation Parcel A. Also, in 2017, Town Centers Development filed two claims in Macomb Circuit Court, which were assigned to Judge Kathryn A. Viviano and consolidated. Town Centers Development sought to quiet title in its favor on the subject property. In relevant part, plaintiff, ECP, PND Investments, and Midtown Village Lofts were named as defendants. Ultimately, Judge Viviano dismissed Town Centers Development's claims after concluding it was estopped from claiming ownership under the 2009 Fox Brothers' deed because the bankruptcy court held it did not convey real property to Town Centers Development. This Court affirmed. *Town Centers Dev Co, Inc v PND Investments, LLC*, unpublished per curiam opinion of the Court of Appeals, issued July 30, 2019 (Docket No. 343247), pp 5-7.

## D. PLAINTIFF'S CURRENT CLAIM TO THE SUBJECT PROPERTY

On December 2, 2022, plaintiff filed suit and later filed an amended complaint. In relevant part, plaintiff sought to quiet title to the subject property in its favor. Plaintiff did not present a deed to the subject property. Instead, plaintiff claimed title to the subject property on the basis of the adjudications in the above-referenced cases. In lieu of answering the amended complaint, PND Investments, Midtown Village Lofts, and First State Bank moved for summary disposition under MCR 2.116(C)(7) (dismissal is appropriate because of prior judgment) and (C)(8) (failure to state a claim). Plaintiff also moved for summary disposition, arguing it was entitled to judgment as a matter of law under MCR 2.116(C)(7) because the doctrines of collateral and judicial estoppel applied.

On April 14, 2023, the trial court issued an opinion and order on the motions for summary disposition. The trial court noted the parties relied on documentary evidence and concluded it was proper to apply MCR 2.116(C)(10)'s standard. The trial court reviewed authority with respect to establishing a quiet-title claim and concluded plaintiff failed to present evidence to support it ever owned Litigation Parcel A. The trial court, without expressly considering plaintiff's motion for summary disposition under MCR 2.116(C)(7), denied plaintiff's motion for summary disposition.

The trial court granted judgment in favor of PND Investments, Midtown Village Lofts, and First State Bank. This appeal followed.[1]

## II. STANDARDS OF REVIEW

"Actions to quiet title are equitable in nature, and equitable rulings are reviewed de novo." *1373 Moulin, LLC v Wolf*, 341 Mich App 652, 663; 992 NW2d 314 (2022) (quotation marks and citation omitted). "Whether a party is collaterally estopped from disputing an issue addressed or admitted in a prior proceeding is a legal question," which is also reviewed de novo. *Horn v Dep't of Corrections*, 216 Mich App 58, 62; 548 NW2d 660 (1996). "We review de novo a trial court's decision on a motion for summary disposition." *Bailey v Antrim Co*, 341 Mich App 411, 421; 990 NW2d 372 (2022) (quotation marks and citation omitted). "A de-novo review means we review the legal issue independently, without deference to the lower court." *Bowman v Walker*, 340 Mich App 420, 425; 986 NW2d 419 (2022) (quotation marks and citation omitted).

Summary disposition under MCR 2.116(C)(7) is proper if a party's claim is barred because there has been an "[e]ntry of judgment, dismissal of the action, or . . . [a] prior judgment." MCR 2.116(C)(7). "In reviewing a motion under MCR 2.116(C)(7), this Court accepts as true, and construes in [the] plaintiff's favor, well-pleaded allegations in the pleadings, affidavits, depositions, admissions, and documentary evidence submitted by the parties to determine whether a genuine issue of material fact exists." *Emerzian v North Bros Ford, Inc*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 365100); slip op at 2 (citations omitted).

> A motion under MCR 2.116(C)(10) . . . tests the factual sufficiency of a claim. When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. [*El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (emphasis, quotation marks, and citations omitted).]

## III. ANALYSIS

Plaintiff first argues summary disposition in its favor was proper under MCR 2.116(C)(7) on the basis of the doctrines of collateral estoppel and judicial estoppel. According to plaintiff, the trial court impermissibly ignored its arguments that summary disposition was proper under (C)(7). We agree the trial court did not expressly consider these arguments. To the extent the trial court's decision not to consider plaintiff's arguments under MCR 2.116(C)(7) can be considered

---

[1] At some point, defendant/counterplaintiff/cross-plaintiff, Town Center Villas, obtained ownership of Litigation Parcel B. Later, Town Center Villas entered into a construction mortgage with Flagstar Bank (Flagstar). Plaintiff filed counterclaims and cross-claims. In a stipulated order, the trial court dismissed all claims, counterclaims, and cross-claims between plaintiff, Town Center Villas, Flagstar, Town Centers Development, and DiLorenzo with prejudice. Town Center Villas, Flagstar, Town Centers Development, and DiLorenzo are not parties to this appeal.

error, it was harmless because plaintiff was not entitled to judgment as a matter of law under (C)(7). See MCR 2.613(A) (describing the harmless-error rule in civil cases); *Ellison v Dep't of State*, 320 Mich App 169, 179; 906 NW2d 221 (2017) ("The trial court's error is harmless if it is not decisive to the case's outcome.").

Collateral estoppel, or issue preclusion, "precludes relitigation of an issue in a subsequent, different cause of action between the same parties or their privies when the prior proceeding culminated in a valid final judgment and the issue was actually and necessarily determined in the prior proceeding." *Ditmore v Michalik*, 244 Mich App 569, 577; 625 NW2d 462 (2001). Collateral estoppel requires that: "(1) a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment, (2) the same parties had a full and fair opportunity to litigate the issue, and (3) there was mutuality of estoppel." *Estes v Titus*, 481 Mich 573, 585; 751 NW2d 493 (2008).

For collateral estoppel to apply, the ultimate issue in the second action must be the same as that in the first proceeding. *Detroit v Qualls*, 434 Mich 340, 357; 454 NW2d 374 (1990). In *Bd of Co Rd Comm'rs v Schultz*, 205 Mich App 371, 376-377; 521 NW2d 847 (1994) (citations omitted), we clarified:

> The issues must be identical, and not merely similar, and the ultimate issues must have been both actually and necessarily litigated. To be necessarily determined in the first action, the issue must have been essential to the resulting judgment; a finding upon which the judgment did not depend cannot support collateral estoppel.

The issue central to this case, i.e., whether plaintiff has fee simple title to Litigation Parcel A, was not actually and necessarily determined in the bankruptcy proceeding. Rather, the bankruptcy proceeding concerned whether certain buildings, including Building 53, were plaintiff's property and part of its bankruptcy estate. Building 53 is not contained on Litigation Parcel A and was owned in fee simple by PND Investments at the time of the bankruptcy proceeding. In short, the bankruptcy court did not address ownership of Litigation Parcel A, let alone determine that plaintiff owned it.

Additionally, the issue central to this case was not actually and necessarily determined in the consolidated action before Judge Viviano. Rather, Town Centers Development filed suits, seeking to quiet title in its favor to portions of the subject property, including Litigation Parcel A. In response, PND Investments and Town Center Villas argued Town Centers Development was estopped from claiming ownership because the bankruptcy court determined the 2009 Fox Brothers' deed did not convey ownership of real property to Town Centers Development. Rather, it memorialized plaintiff's redemption of Building 53. Judge Viviano agreed and dismissed Town Centers Development's claims.[2] We affirmed that decision. *Town Centers Dev Co, Inc*, unpub op

---

[2] Plaintiff argues the doctrine of stare decisis mandated the trial court to follow Judge Viviano's orders. "The rule of stare decisis generally requires courts to reach the same result when presented with the same or substantially similar issues in another case with different parties. The rule of

at 5-7. In doing so, we rejected Town Centers Development's argument that "an inconsistent ruling was made in another case." *Id*. at 5-6. Plaintiff was not entitled to summary disposition in its favor under the doctrine of collateral estoppel.

With respect to judicial estoppel, "[j]udicial estoppel is an equitable doctrine, which generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Spohn v Van Dyke Pub Sch*, 296 Mich App 470, 479; 822 NW2d 239 (2012) (quotation marks and citations omitted). The doctrine is invoked "to preserve the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." *Id*. at 479-480 (quotation marks and citations omitted). In *Opland v Kiesgan*, 234 Mich App 352, 363-364; 594 NW2d 505 (1999), this Court explained that "[t]he doctrine of judicial estoppel is to be applied with caution." The doctrine serves to prevent litigants from deliberate manipulation of the courts by arguing opposing positions "to suit an exigency of the moment." *Id*. at 364 (citations omitted). Furthermore, "[j]udicial estoppel is an extraordinary remedy to be invoked when a party's inconsistent behavior will otherwise result in a miscarriage of justice." *Id*. (quotation marks and citations omitted). Judicial estoppel "is not meant to be a technical defense for litigants seeking to derail potentially meritorious claims[.]" *Id*. (quotation marks and citations omitted).

Plaintiff argues the trial court erred by failing to consider whether judicial estoppel barred PND Investments and Midtown Village Lofts from arguing plaintiff did not own Litigation Parcel A. According to plaintiff, PND Investments and Midtown Village Lofts "unequivocally asserted [plaintiff's] ownership" in Litigation Parcel A in the action filed against them before Judge Viviano. Plaintiff's argument is not supported by the record, however. Indeed, PND Investments and Midtown Village Lofts argued before Judge Viviano that Town Centers Development was estopped from arguing it had fee simple title to Litigation Parcel A because the bankruptcy court determined the 2009 Fox Brothers' deed did not convey real property to Town Centers Development. There is no indication PND Investments or Midtown Village Lofts, who had fee simple title to Litigation Parcel A at the time, argued plaintiff had fee simple title to the subject property as a whole. The arguments raised before Judge Viviano by PND Investments and Midtown Village Lofts are consistent with the arguments raised before the trial court. Plaintiff was not entitled to summary disposition in its favor under the doctrine of judicial estoppel. In sum, plaintiff was not entitled to summary disposition under MCR 2.116(C)(7) and any error on the part of the trial court was harmless.

---

stare decisis mandates that published decisions of this Court are precedential and binding on lower courts and tribunals." *Dana Corp v Dep't of Treasury*, 267 Mich App 690, 698; 706 NW2d 204 (2005). The trial court in this case was the same type of court that entered the 2017 orders, i.e., a circuit court. Because Judge Viviano's orders were not precedential and binding on the trial court, plaintiff's stare decisis argument is misplaced. Additionally, Judge Viviano did not hold plaintiff owned Litigation Parcel A. To the extent plaintiff argues this Court's holding in *Town Centers Dev Co, Inc*, unpub op at 5-7, mandates reversal, plaintiff's argument is without merit. We affirmed Judge Viviano's holding that Town Centers Development was estopped from asserting ownership. *Id*.

Next, plaintiff argues the trial court erred by granting summary disposition in favor of PND Investments, Midtown Village Lofts, and First State Bank under MCR 2.116(C)(10) because they did not move for summary disposition under this subrule. Plaintiff is correct PND Investments, Midtown Village Lofts, and First State Bank moved for summary disposition under MCR 2.116(C)(7) and (C)(8). However, they argued summary disposition in their favor was proper because plaintiff could not establish a prima facie case of title. To support their argument that plaintiff's assertions to the contrary were false, PND Investments, Midtown Village Lofts, and First State Bank cited documentary evidence, and they attached it to their motion for summary disposition. Plaintiff also relied on documentary evidence to support the truth of its allegations and to support that the motion for summary disposition should be denied. On the basis of this reliance on documentary evidence, the trial court considered the motion as if it had been filed under MCR 2.116(C)(10). This was not in error.

When deciding a motion under MCR 2.116(C)(8), a trial court's decision must be the result of applying the proper legal framework. See *El-Khalil*, 504 Mich at 159. This requires a direct comparison of the pleaded factual allegations, accepted as true, with the elements of the asserted legal claims to determine whether a cause of action has been alleged. See *id*. at 159-160. Because PND Investments, Midtown Village Lofts, and First State Bank relied on evidentiary support to dispute the truth of plaintiff's allegations, the matter was "beyond the scope of appropriate review" for a (C)(8) motion. See *id*. at 162. PND Investments, Midtown Village Lofts, and First State Bank essentially argued a genuine issue of material fact did not exist to support plaintiff had prima facie title to Litigation Parcel A. As a result, the trial court applied the proper standard by reviewing the motion as if it had been filed under MCR 2.116(C)(10). See *id*. at 160 ("A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact.").[3]

With respect to whether PND Investments, Midtown Village Lofts, and First State Bank were entitled to summary disposition under MCR 2.116(C)(10) on the quiet-title claim, a plaintiff can bring an action to quiet title under MCL 600.2932. *Adams v Adams*, 276 Mich App 704, 712; 742 NW2d 399 (2007).

> An action to quiet title is equitable in nature and is available to a party in possession of real property who [seeks] to clear the property's title as against the world. In a quiet-title action, the plaintiff has the initial burden of establishing a prima facie case of title. . . . If the plaintiff establishes a prima facie case of title, the burden shifts to the defendant to prove superior right or title. [*1373 Moulin,*

---

[3] In so indicating, we acknowledge that PND Investments, Midtown Village Lofts, and First State Bank moved for summary disposition under MCR 2.116(C)(7), and documentary evidence can be considered when deciding motions under (C)(7). See *Emerzian*, ___ Mich App at ___; slip op at 2. However, summary disposition under (C)(7) is proper if a party's claim is barred because there has been an "[e]ntry of judgment, dismissal of the action, or . . . [a] prior judgment." MCR 2.116(C)(7). In one portion of the motion, PND Investments, Midtown Village Lofts, and First State Bank were challenging the truth of plaintiff's allegations it had prima facie title to Litigation Parcel A. MCR 2.116(C)(7)'s framework did not apply to that argument because they were not challenging whether the previous adjudications supported summary disposition.

*LLC*, 341 Mich App at 664-665 (alterations in original; quotation marks and citations omitted).]

Plaintiff sought a declaration it holds fee simple title to the entire subject property, including Litigation Parcel A. Plaintiff argued it was granted fee simple interest in the subject property through the 2009 Fox Brothers' deed. However, plaintiff was not named as a grantee on the Fox Brothers' deed. Town Centers Development was named as grantee on the deed. More importantly, as held by the bankruptcy court, the 2009 deed merely reflected Building 53 was redeemed and extinguished the sheriff's deed. Building 53 is not contained within Litigation Parcel A, which was conveyed to PND Investments through the April 12, 2013 deed. PND Investments later conveyed Litigation Parcel A to Midtown Village Lofts. Plaintiff's argument the 2009 Fox Brothers' deed granted it fee simple interest and the trial court erred by concluding otherwise is without merit. Because the undisputed evidence supports plaintiff cannot establish a prima facie case of title to Litigation Parcel A, summary disposition was properly granted in favor of PND Investments, Midtown Village Lofts, and First State Bank under MCR 2.116(C)(10). It reasonably follows that plaintiff was not entitled to summary disposition in its favor on the quiet-title claim.[4]

## IV. CONCLUSION

The trial court did not err by granting summary disposition in favor of PND Investments, First State Bank, and Midtown Village Lofts on plaintiff's quiet-title claim under MCR 2.116(C)(10). The trial court did not err by denying summary disposition in favor of plaintiff. We affirm.[5]

/s/ Michael F. Gadola
/s/ Sima G. Patel
/s/ Adrienne N. Young

---

[4] Plaintiff also argues the trial court improperly granted summary disposition in favor of PND Investments, Midtown Village Lofts, and First State Bank under MCR 2.116(C)(8). Because summary disposition was proper under MCR 2.116(C)(10), we need not consider this argument. See *Mich Republican Party v Donahue*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364048); slip op at 3 ("As a general rule, this Court does not decide moot issues."). Moreover, the argument is without merit. Indeed, the trial court decided whether summary disposition in favor of PND Investments, Midtown Village Lofts, and First State Bank was proper under MCR 2.116(C)(10). It did not apply the standard relevant to MCR 2.116(C)(8).

[5] Plaintiff also filed tort claims, which were dismissed by the trial court. Plaintiff does not argue this was in error. Any argument concerning dismissal of these claims is abandoned. See *Bank of America, NA v Fidelity Nat'l Title Ins Co*, 316 Mich App 480, 517; 892 NW2d 467 (2016) ("An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue.") (Quotation marks and citation omitted.)